TRUEHEART v. GRAHAM et al.

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1911.)

1. TRIAL (§ 251*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

Where, in trespass to try title, the court instructed as to adverse possession, and there was no issue as to whether the grantee of the original occupant under whom defendants claimed was holding the land under the mistaken belief that it was a part of the public domain, the court properly refused to charge that if such grantee took possession of land, intending to acquire 160 acres from the state or recognize the land as belonging to the state, then limitations would not run in his favor until he and his children ceased to look on and treat the land as state land.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 251.*]

2. ADVERSE POSSESSION (§ 60*)—PRIOR HOLDING.

Where G. took possession of certain land under an agreement with R., who had had it surveyed, when both thought it was public land, and they intended to obtain it from the state by pre-emption, such belief could not affect R.'s adverse possession after he purchased G.'s interest; R. having then claimed to own the land and having rendered it for taxes as the G. survey.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 60.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

3. ADVERSE POSSESSION (§ 100*)—OCCUPANCY—CULTIVATION.

Where defendant claimed certain land by adverse possession, and the evidence showed that a portion of the land was cultivated by defendant and those under whom he claimed for more than 10 successive years before action brought, though one of the small fields on the land was not cultivated continuously, the court properly refused to charge that defendants must have had possession of the land for 10 years, each and every year, without any break in the use and enjoyment thereof, since cultivation of either of the fields during each year was sufficient to show adverse possession of the whole tract.

[Ed. Note.—For other cases, see Adverse Possession, Dec. Dig. § 100.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Trespass to try title by H. M. Trueheart against Jack Graham and others. Judgment for defendants for part of the land sued for, and plaintiff appeals. Affirmed.

J. A. Mooney and T. C. Mann, for appellant. Joe W. Thomas, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title brought by appellant against appellees and others to recover a tract of 483.7 acres of land, a part of a 640-acre survey in Tyler county, patented by the state of Texas to John L. Sleight, assignee. Appellees answered in the court below by general demurrer and plea of not guilty, and by plea of limitation of 10 years as to 160 acres of said land. The land claimed under the plea of limitation was fully described in the plea. The trial in the court below with a jury resulted in a verdict and judgment in favor of appellees for the 160 acres claimed under their plea of limitation.

The record discloses the following facts: The land involved in the suit is a part of section No. 56, G. & B. Nav. Co., patented to John L. Sleight, assignee, in 1872. Appellant claims through regular chain of title under John L. Sleight. Some time in the year 1872, whether before or after the location of said survey No. 56, G. &. B. Nav. Co., is not shown, N. B. Rawls, who owned and resided upon a tract of land near the survey in question, entered into an agreement with Tom Gray to pre-empt the 160 acres of land in controversy. Under this agreement, Gray was to live upon the land the required length of time to secure title as a pre-emptor, and Rawls was to bear all expenses of the survey and procuring the issuance of title, and they were to own the land equally. In pursuance of this agreement, Rawls had the land surveyed, and Gray moved thereon and inclosed a small field which he put in cultivation. After remaining on the land about a year, Gray left, and sold his interest to Rawls. No one has lived on the land since Gray left, but the field put in cultivation by him and another small field of 6 or 8 acres on a different part of the 160 acres which was put

in by Rawls was cultivated by him up to the time of his death, and since his death have been cultivated by appellees, who are his children and heirs at law. The 160-acre survey is within the boundaries of the G. & B. Nav. Co. survey No. 56. It was generally known as the Gray survey, and, after his purchase from Gray, Rawls rendered it for taxes, and paid taxes on it as the Gray 160-acre survey. After his death, it was rendered for taxes by appellees under the same description until about a year before this suit was filed, when it was rendered as a part of G. & B. Nav. Co. survey No. 56. Rawls made no effort to procure title from the state, but, after his purchase from Gray, he continuously claimed the land, and since his death his heirs, the appellees, have continuously claimed it. This claim to the land has been open and notorious and against all the world. There is evidence to justify the conclusion that at least one of the two fields on the land in controversy was cultivated by Rawls or persons holding under him each year for more than 30 years before this suit was brought. The undisputed evidence shows that one or the other of the fields before mentioned was cultivated each year from the years 1891 to 1902, inclusive, by Rawls or those holding under him. This suit was brought in 1908.

[1] The first and second assignments of error complain of the refusal of the court to give the jury the following instruction requested by the plaintiff: "You are instructed in this cause that if Bony (N. B.) Rawls took possession of this land as public land, intending to acquire said 160 acres from the state, or recognized said land as belonging to the state of Texas, then limitation would not run in his favor until said Rawls and his children ceased to look upon and treat said land as state land, and you will find for plaintiff, unless you find from the evidence that defendants in this case have had 10 years' possession of 160 acres for each consecutive year, claiming the same adversely to all the world." This charge was properly refused. The court in the main charge had correctly instructed the jury as to the meaning of adverse possession and claim, and the issue sought to be injected by this charge of whether Rawls was holding the land under the mistaken belief that it was a part of the public domain, and not intending to claim it against the owners, was not raised by the evidence.

[2] The mere fact that at the time Rawls had the land surveyed and Gray took possession of it under his agreement with Rawls they thought it was public land, and intended to obtain it from the state under the pre-emption laws, could in no way affect the adverse possession of Rawls after he purchased from Gray. The positive undisputed evidence is that, after his purchase from Gray,

Rawls claimed to own the land; and his describing it in his rendition thereof for taxes as the Gray survey does not tend in the least to contradict this positive testimony as to the adverse character of his claim and possession. Smith v. Jones (Sup.) 132 S. W. 471, 31 L. R. A. (N. S.) 153.

[3] The third assignment complains of the refusal of the court to give the following charge requested by the plaintiff: "You are instructed in this case that defendants must have had possession of said land of 160 acres for 10 years, each and every year, without any break in the use and enjoyment thereof." There was no error in refusing this charge. As before stated, the undisputed evidence shows that a portion of the land was cultivated by Rawls and those holding under him for more than 10 consecutive years before this suit was filed. There is evidence to the effect that one of the small fields upon the land was not cultivated continuously for 10 years, but the cultivation of either of said fields was sufficient to show adverse possession of the whole tract, and the uncontradicted evidence shows that each year from 1891 to 1902, inclusive, one of said fields was cultivated by Rawls or those holding under him.

This disposes of the only questions raised by the assignments presented in appellant's brief.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.