## HANSON v. SHELBURNE.

(No. 827; Decided December 23rd, 1915; 153 Pac. 899.)

Assault and Battery—Damages for Injuries—Actual Damages—
Exemplary Damages—Verdict—Request for Separate Findings
—Misconduct of Jurors—Review—Sufficiency of Evidence—
Waiver.

1. In an action for the recovery of both actual and exemplary damages for personal injuries alleged to have been caused by an assault and battery upon plaintiff by defendant, a general verdict for damages will not be disturbed if there is evidence to support it and the jury was not requested to separately state the kind and amount of damages found, if any.

2. Where there is substantial conflicting evidence to support a finding, it will not be disturbed by the appellate court, the jurors being the judges of the facts and the credibility of witnesses.

3. The association knowingly, of a juror with a party or with witnesses pending a trial, creates suspicion and is disapproved by the courts, but in the absence of a showing of prejudice is not in all cases good ground for setting the verdict aside.

4. A party having knowledge of misconduct of a juror or of the opposite party during the progress of the trial and before the case is submitted to the jury must promptly call it to the attention of the trial court, or it will be considered waived.

Error to the District Court, Niobrara County; Hon. Charles E. Winter, Judge.

·  H. S. Ridgely and W. E. Mullen, for plaintiff in error.

There is no evidence to support a verdict and judgment for actual damages in the sum of $1,250. There is no evi-

dence to support a verdict and judgment for exemplary damages in any amount whatsoever. The misconduct of members of the jury during the trial precluded a fair trial; it was admitted by plaintiff that he received no permanent injury. The plaintiff was on Hanson's premises at the time of the trouble. He had been ordered away from the premises, but remained thereon to argue the question with Hanson. Plaintiff's actual damages, according to the evidence, did not exceed $40. The evidence showed that the defendant, Hanson, was in ill health and very nervous and excitable. The award being for a lump sum and there being no evidence to support exemplary damages and the evidence of actual damages, if any, being very slight, the verdict cannot support the judgment. (Sutherland on Damages, Sec. 462; Williams v. Campbell, 133 Pac. 1071.) If the verdict is based on exemplary damages alone it is erroneous. (Schippel v. Norton (Kan.), 16 Pac. 804; Gilmore v. Matthews, 67 Me. 517; Stacey v. Publishing Co., 68 Me. 279; Freese v. Tripp, 70 Ill. 496; Meidel v. Anthis, 71 Ill. 241; Ganasly v. Perkins, 30 Mich. 492; Maxwell v. Kennedy, 60 Wis. 645, 7 N. W. 657.) Plaintiff was closely associated with the members of the jury up to midnight on the first day of the trial and before the submission of the cause, and it is fair to presume that the verdict was influenced by such association. (Garvin v. Harrell (Okla.), 113 Pac. 186, 35 L. R. A. N. S. 863; Scott v. Tubbs (Colo.), 95 Pac. 540, 19 L. R. A. N. S. 733; Crocker v. Crocker, 84 N. E. 476; Arizona Copper Co. v. Copper Queen Mining Co., 7 Pac. 718; 29 Cyc. 803; Endowment Bank v. Steele, 170 Tenn. 1, 63 S. W. 1126.) In the above case it was shown that a brother of the plaintiff entertained and treated some of the jurors immediately after the trial, which was held to be misconduct.

*A. D. Walton* and *John D. Clark,* for defendant in error.

It was admitted that defendant struck plaintiff, Shelburne, with a walking stick and that there was a conflict in the evidence, as to which was the aggressor; there is a conflict of

evidence on all important issues in the case, therefore the verdict of the jury should not be disturbed. Exemplary damages are recoverable in actions of this character. (Williams v. Campbell, 133 Pac. 1071 (Wyo.) The affidavits filed as to misconduct of jurors do not show sufficient facts to warrant a reversal, as no prejudice is shown. (Ayrhart v. Wilholmy, 112 N. W. 782.) Casual association by a party with jurors is not reprehensible conduct. (Cosler v. Attumwa, 34 Ia. 44.) The ruling of the trial judge on points raised by the affidavits for new trial is conclusive. (Montgomery v. U. S., 219 Fed. 162.)

Beard, Justice.

This is an action to recover damages for an alleged malicious assault and battery, brought by the defendant in error against the plaintiff in error. The plaintiff below recovered judgment on a verdict against the defendant below for $1,250; and defendant brings error.

The grounds upon which plaintiff seeks a reversal of the judgment, as stated in his brief, are, "that the verdict and judgment are not sustained by the evidence and are excessive; also that certain members of the jury were guilty of misconduct, by reason of their association with, and entertainment by the plaintiff during the trial and before said cause was submitted to the jury."

In his petition plaintiff claimed actual damages in the sum of five thousand and twenty-five dollars, and exemplary damages in the sum of five thousand dollars. The jury found generally in favor of plaintiff and against defendant and assessed the amount of plaintiff's damages in the sum above stated. The jury was not requested by either party or the court to state the amount they allowed as actual damages, or the amount, if any, they allowed as exemplary damages. Therefore, from the record, it is impossible to say whether the jury considered the amount awarded as actual damages, or in part exemplary. If the evidence was sufficient to entitle the plaintiff to recover at all, there was

sufficient evidence to warrant the jury in awarding both actual and exemplary damages.

It appears from the evidence in the record that on the . day of the occurrence the plaintiff met defendant's niece and a Mrs. Gaddis, who were at the time living at defendant's home, on the street some four or five blocks distant from said home and walked home with them, the defendant walking in front of them. When the three came to the house and turned to go from the street to the house, the defendant was standing on his porch and said to plaintiff, "Young man, don't you come in here," or words to that effect, which plaintiff says he did not hear. The three continued walking toward the house when defendant came from his porch with his cane in his hand (walking with it as he and his witnesses say, or having it raised in a threatening manner as plaintiff and his witnesses say) and ordered plaintiff to leave his premises and accused plaintiff of having slandered him. At which plaintiff stopped and said: "All right, if you say so," or words to that effect, and commenced to back toward the street, the defendant still approaching him. When near the street line and whether just inside defendant's lot, which was not fenced, or out on the city sidewalk. there is a direct conflict in the testimony. At this point there is also a direct conflict in the testimony as to whether or not plaintiff struck at defendant, but there is no dispute about the fact that defendant then struck plaintiff on the side of the head with his cane, inflicting an incised contused wound from one and a half to two inches in length and with sufficient force to cut through the scalp for that distance and part way to the skull, causing plaintiff to stumble or fall into the gutter at the side of the street. He got up and was called into a neighbor's house and a physician called, and he was taken to his room and was confined to bed for two or three days and was unable to work for ten days. As already stated, upon the important and vital issues in the case the evidence was in sharp conflict, and if the jury believed plaintiff and his witnesses the verdict was amply supported. It is urged that the damages

awarded by the jury were excessive, as the amount of the physician's bill was only thirteen dollars and the time lost by plaintiff on account of the injury was only about ten days. But that leaves out of account the amount the jury may have considered reasonable as compensation for pain and suffering, as well as the amount the jury may have awarded as exemplary damages. It is apparent that defendant entertained ill feeling toward plaintiff, and that fact taken in connection with the circumstances attending the affray, and the nature and violence of the assault and battery, may well have convinced the jury that defendant's acts were wanton and malicious and warranted the awarding of exemplary damages. And, as has been so often repeated, the jurors were the judges of the facts and of the credibility of the witnesses, and when there is a conflict in the evidence and there is substantial evidence to support the finding, it will not be disturbed by the appellate court.

The misconduct of the jury complained of was that one of the jurors on one evening during the trial played several games of pool and tenpins with plaintiff. It appears by the affidavits filed that such was the fact; that the juror and plaintiff met in the pool hall, but not by agreement, and played several games together, plaintiff paying for the tenpin games and the juror for the pool games. Each of them states in his affidavit that he did not at the time recognize the other as being connected with the case, and both they and others who were present at the time state that the case was not mentioned. The association, knowingly, of a juror with a party or with witnesses pending a trial always creates suspicion, should be avoided and is disapproved by the courts. But in the absence of a showing of prejudice such conduct is not in all cases good ground for setting the verdict aside. Whether the showing here made would ordinarily require such action need not be determined, for the reason that the objection must be held to have been waived. It appears from defendant's own affidavit filed in support of the motion for a new trial that he learned of the alleged misconduct on the evening on which it occurred, and that the case was not

submitted to the jury until 10:30 o'clock the next forenoon. The court's attention was not called to said alleged misconduct until after the return of the verdict, when the motion for a new trial was filed. It is the well settled rule that a party having knowledge of misconduct of a juror or of the opposite party during the progress of the trial and before it has been submitted to the jury, must promptly call·it to the attention of the court or it is waived. As said by the Supreme Court of California in Monaghan v. Rolling Mill Co., 81 Cal. 190, 22 Pac. 590, "Moreover, this circumstance was known to appellant at the time of its occurrence, and no objection was made; and he could not thus remain quiet and take the chance of a favorable verdict, and keep this point in reserve." To the same effect see, Pettibone v. Phelps, 35 Am. Dec. 88, 13 Conn. 444; Woodruff v. Richardson, 20 Conn. 238; Peterson v, Skjelver, 43 Neb. 663, 62 N. W. 43; Cluck v. State, 40 Ind. 263; Long v. State, 95 Ind. 481; Foodisch v. C. & N. W. Ry. Co., 100 Ia. 728, 69 N. W. 1055; Grottkau v. State, 70 Wis. 462, 36 N. W. 31; Rowe v. Canney, 139 Mass. 41, 29 N. E. 219; Hill v. Greenwood, 160 Mass. 256, 35 N. E. 668.

No prejudicial error appearing, the judgment of the district court is affirmed.                    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.