## GALVESTON ELECTRIC CO. v. HANSON.
### (No. 7186.)

(Court of Civil Appeals of Texas. Galveston. May 10, 1916.)

1. TRIAL ☞191(9), 253(4) — INSTRUCTIONS — ASSUMPTION AS TO FACTS — IGNORING ISSUES.

In an action for injuries to a woman alighting from a street car, the charges that, if the injuries were caused by the conductor's failure to use the care of a competent and prudent man in starting the car, verdict should be for plaintiff, but if he used such care in starting the car, or the woman caused or contributed to cause her fall by failure to use the care of a woman of ordinary prudence, verdict should be for defendant, were not erroneous as assuming the conductor's failure to exercise proper care, and as authorizing finding for plaintiff, though the jury should find the woman was guilty of contributory negligence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420, 430, 613, 615; Dec. Dig. ☞191(9), 253(4); Carriers, Cent. Dig. § 1337.]

2. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR.

Where no harm resulted to defendant by unnecessary correction of a proper charge and re-reading it to the jury, there was no error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. ☞1064(1); Trial, Cent. Dig. §§ 475, 525, 528.]

3. APPEAL AND ERROR ☞742(5)—ASSIGNMENT OF ERROR—COMPLIANCE WITH RULES.

Under Rules for the Courts of Civil Appeals 29, 30, 31 (142 S. W. xii, xiii), an assignment of error to the refusal to give a charge will not be reviewed, when not followed by any proposition or statement of facts which would call for such a charge; the testimony of no witness being set out, and the Court of Civil Appeals not being referred to the page or pages of the record where such testimony might be found, no proposition following the assignment, and the only

statement thereunder being a copy of appellant's bill of exceptions to the refusal of the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⬳742(5).]

**4. NEW TRIAL ⬳56—MISCONDUCT OF JURY—HARMLESS ERROR.**

That a juror stated that he had never been represented by an attorney for plaintiff, when in fact he had been so represented when charged with a misdemeanor, was not ground for setting aside the verdict for plaintiff, or for granting new trial, in the absence of some showing that defendant was injured by accepting the juror, or that the latter was in some manner influenced against defendant; improper conduct of the jury not being ground for reversal, unless shown to be injurious to the party complaining.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 116–119; Dec. Dig. ⬳56.]

**5. APPEAL AND ERROR ⬳978(3) — REVIEW — OVERRULING MOTION FOR NEW TRIAL FOR MISCONDUCT OF JURY.**

Where the trial court makes full investigation of the alleged misconduct of the jury, and finds that it was not such as influenced the jury in returning their verdict, his action in overruling motion for new trial based on such alleged misconduct will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3870; Dec. Dig. ⬳978(3).]

Appeal from Galveston County Court; George E. Mann, Judge.

Suit by Ralph Hanson against the Galveston Electric Company. From judgment for plaintiff, defendant appeals. Judgment affirmed.

Terry, Cavin & Mills, John G. Gregg, and E. H. Cavin, all of Galveston, for appellant. H. C. Hughes and Thos. C. Turnley, both of Galveston, for appellee.

LANE, J. This suit was instituted by Ralph Hanson against the Galveston Electric Company to recover damages for personal injuries alleged to have been suffered by Mrs. Alberta Hanson, the wife of plaintiff, while alighting from one of the street cars of appellant, Galveston Electric Company.

The plaintiff alleged that on or about October 8, 1914, Alberta Hanson, wife of Ralph Hanson, entered one of the cars operated by the defendant, known as Twenty-First and Twenty-Fifth street car, and became a passenger thereon and paid the regular fare of five cents; that when the said car approached Twenty-First street and Avenue J, plaintiff's wife, wishing to get off of the car, gave the customary signal, and that the defendant and its agent, while the plaintiff's wife was alighting from the car, negligently caused the car to start, throwing plaintiff's wife violently to the ground and causing her injuries, for which he asks damages in the sum of $1,000, together with $10 for drug bills and $25 for doctor's bills.

Defendant answered by general demurrer and a special demurrer that the allegations of injury were too vague and indefinite, and a denial that its agents violated any duty towards plaintiff's wife, or that they negligently gave a signal to start the car and negli-gently started the car upon which plaintiff's wife was riding prior to her alighting therefrom, or while she was on the step of said car, and denied that any negligence of defendant in suddenly starting the car, or otherwise, was the direct or proximate cause of plaintiff's wife falling to the ground.

Defendant further pleaded that the plaintiff's wife, by reason of her contributory negligence, caused whatever injuries she may have sustained, and that such contributory negligence was the proximate cause of such injuries, if any; that, while the car was standing still, plaintiff's wife, in attempting to alight, failed to use that degree of care and caution which an ordinarily prudent person would use for her own safety, under the same or similar circumstances; and that by reason thereof in some manner she let her foot slip, which caused her to fall to the ground while she was alighting from the car.

Plaintiff filed a supplemental petition, denying all the material matters of defense set up in defendant's answer. The cause was tried before a jury, which returned a verdict for the plaintiff, Ralph Hanson, for the sum of $200, and judgment was rendered accordingly. From this judgment defendant has appealed.

By paragraphs 1 and 2 of the court's charge the jury were instructed as follows:

"If the jury find from the evidence that the injuries sustained by plaintiff's wife were caused by the failure of the conductor to use such care in starting the car as a very competent and prudent man would have exercised under the same or similar circumstances, your verdict will be for plaintiff.

"But if the jury find from the evidence that the conductor used such care in starting the car as a very competent and prudent man would have exercised under the same or similar circumstances, or if the jury find from the evidence that the woman caused or contributed to causing her fall by failure to use the care that a woman of ordinary prudence would have used under the same or similar circumstances, then your verdict will be for the defendant."

Appellant objected to so much of said charge on the grounds that it assumed that the conductor in charge of the street car upon which appellee's wife was riding at the time of the alleged injuries failed to exercise such care in starting the car as a very competent and prudent man would have exercised under the same or similar circumstances, and that such charge authorized the jury to find for plaintiff, even though it should find from the evidence that the plaintiff's wife was guilty of negligence contributing to her injuries. The charge of the court was read to the jury as above set out. After said objection was urged, the court added the words "if you find the car was so started" after the word "circumstances" in the first paragraph of said charge, to meet the objection urged in part, and then re-read said charge, as corrected, to the jury.

Appellant's first assignment of error is as follows:

"The court erred in reading to the jury over the defendant's objection that part of the first paragraph of the court's charge in which the court authorized to find for the plaintiff, even though they may also find that Alberta Hanson was guilty of contributory negligence, all as more fully set out in defendant's bill of exceptions No. 1, and then after said reading said portion of said paragraph No. 1 of said charge correcting or altering the same, and re-reading it to the jury as altered."

The complaint made by said assignment, and the sole proposition presented thereunder in appellant's brief, is that the court erred in the preparation of the first paragraph of his charge above set out, and in reading it to the jury before the correction thereof was made, and thereafter re-reading it to the jury after such correction. The insistence is that incurable injury had been inflicted upon appellant by reading the charge to the jury as originally constructed, and that the correction made by the court to meet the objections presented by the assignment and proposition thereunder did not cure such injury.

[1, 2] The contention of appellant is untenable. When paragraphs 1 and 2 of the court's charge are read together, they, nor either of them, are subject to the objections urged to them by appellant, and the amendment or correction made by the court to meet such objections was unnecessary. No harm, however, resulted to appellant by making the correction and then re-reading the charge, as corrected, to the jury; hence the first assignment is overruled.

[3] By appellant's second assignment it is insisted that the court erred in refusing to give in charge to the jury appellant's charge No. 2, which is as follows:

"If you find from the evidence that the car of the defendant was standing still at the time Alberta Hanson fell, then you will find a verdict for the Galveston Electric Company."

This assignment is not followed by any proposition, or a statement of any facts, which would call for the submission, or even justify the trial court in giving such charge. It is true that under the head of "Remarks" in appellant's brief the statement is made that the testimony introduced by the defendant was that the car was standing still at the time the plaintiff's wife, Alberta Hanson, fell. But the testimony of no witness is set out, nor are we referred to the page or pages of the record where such testimony may be found. Rule 29 (142 S. W. xii) prescribed by the Supreme Court for the government of the Courts of Civil Appeals provides that appellant, in order to prepare properly a case for submission when called, shall have filed a brief of the points relied on, in accordance with, and confined to, the distinct specifications of error relied on; each ground of error being separately presented under the proper assignment, and each assignment not copied in the brief and accompanied with its appropriate propositions and statements *shall be regarded as aban-*

doned. Rule 30 (142 S. W. xiii) provides that each point under each assignment shall be stated as a proposition unless the assignment itself may sufficiently disclose the point, Rule 31 (142 S. W. xiii) provides that:

"To each of said propositions there shall be subjoined a brief statement in substance, of such proceedings, or part thereof, contained in the record, as will be necessary and sufficient to explain and support the proposition, with a reference to the pages of the record. This statement must be made faithfully, in reference to the whole of that which is in the record having a bearing upon said proposition, upon the professional responsibility of the counsel who makes it and *without intermixing with it argument, reasons, conclusions or inferences.*"

There is no proposition following the assignment and the only statement thereunder is a copy of appellant's bill of exception to the refusal of the court to give his special charge No. 2, which is copied in the bill. This is not a compliance with rules 29, 30, and 31 above mentioned. We are therefore not called upon to consider said assignment.

[4, 5] By appellant's third assignment it is insisted that the court erred in not granting appellant a new trial because of the misconduct of the juror Douglass Bauss, in this: That when said juror was being questioned touching his qualifications as a juror, counsel for appellant asked him if he or any one related to him was at that time or had been at any time represented by Mr. Thomas Turnley, or Messrs. King & Hughes, attorneys for appellee, in the capacity of attorney or counsel, and that in answer to such question the juror replied that he had not been so represented; that said answer was untrue; that in fact and in truth said juror had been represented by Thomas Turnley on the 24th day of March, 1915, in a case wherein said juror was charged with a misdemeanor; that, had counsel for appellant known such fact, he would not have accepted said juror.

The evidence on the motion for new trial, however, shows that Mr. Turnley did so represent the juror. Appellant made no attempt to show that he was in any way injured by accepting said juror, nor does he now contend that he was in fact so injured. The fact that the juror stated that he had never been represented by Mr. Turnley, when in fact he had been so represented, was no ground for setting aside the verdict of the jury, or granting a new trial, in the absence of some showing that appellant had been injured by accepting said juror, or that the juror was in some manner influenced against appellant by reason of the fact that he had been so represented by Turnley. Improper conduct of a juror is not ground for reversal, unless it is shown that such improper conduct worked injury to appellant. We cannot presume that the mere fact that Turnley represented the juror in a misdemeanor case would in any way influence said juror to render an improper verdict against appellant. Where the trial court, as in this case, makes a full investigation of the alleged misconduct

of a juror, and finds that such misconduct was not such as probably influenced the jury in rendering its verdict, his action in overruling the motion for new trial, based on such alleged misconduct, will not be disturbed. The fifth assignment is overruled.

We find no error committed in the trial of the cause which should cause a reversal of the judgment rendered by the trial court. Therefore said judgment is affirmed.

Affirmed.