## WOLF v. WOLF et al.    (No. 6774.) *

(Court of Civil Appeals of Texas. Austin. Dec. 3, 1924. Rehearing Denied Jan. 28, 1925. On Motion for Conclusions of Fact and Law. Jan. 28, 1925. Second Motion for Rehearing Overruled Feb. 18, 1925.)

1. **Appeal and error ⊛1040(16)—Failure to sustain plaintiff's exception to defendant's plea for damages, if error, held harmless, where not submitted to jury nor contained in judgment.**

Error, if any, in failing to sustain plaintiff's exception to defendant's plea for damages, held harmless, where such matters were abandoned by defendant, were not submitted to jury, and had no place in judgment.

2. **Pleading ⊛403(1) — Defendant's affirmative plea together with other pleadings held to sufficiently bring issue before court as against general demurrer.**

Where defendant's plea, seeking to have lien created by abstract of judgment filed by plaintiff declared void, related to identical subject-matter upon which plaintiff's suit was based, and plaintiff admitted filing abstract of judgment, held that all pleadings together sufficiently brought issue before court as against general demurrer.

3. **Pleading ⊛403(1) — Defendant's affirmative plea relating to identical subject-matter of plaintiff's pleading should be considered in connection therewith.**

Where defendant's affirmative plea related to identical subject-matter upon which plaintiff's suit was brought, such plea should be considered in connection with pleadings of plaintiff, and, if taken together they present the issues, that is sufficient.

4. **Judgment ⊛911 — Original defendant in judgment held not necessary party in suit by purchaser of judgment to enforce it.**

In action by son to enforce judgment, which he purchased, against father, where father's answer and plea were not a collateral attack upon such judgment, but a direct attack upon son's interest therein, it was not necessary to make original defendants in such judgment parties.

5. **Dismissal and nonsuit ⊛19(1)—Refusal of nonsuit held proper, where both parties sought affirmative relief on same subject.**

Where pleadings of both parties involved same subject-matter, on which each sought affirmative relief, and right of either to relief depended upon legal status of judgment sued on, court properly refused to allow a nonsuit.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 24, 1925.

**6. Judgment ⟐⟐949(1)—Answer pleading satisfaction of judgment sought to be enforced held not to set up matters that were res judicata.**

In action by son against father to enforce a judgment which son had purchased, allegation by father that note was given in satisfaction of such judgment did not set up matters that were res judicata, where it was shown that such note was not given until 40 days after judgment was rendered, and hence did not merge in judgment.

**7. Pleading ⟐⟐12—Where facts upon which defendant's plea of accord and satisfaction was based were peculiarly within knowledge of plaintiff, plea need not be as full as in other cases.**

Where defendant's plea of accord and satisfaction was not as full as it might have been, but by virtue of relation between plaintiff and defendant facts pleaded as defense were peculiarly within knowledge and possession of plaintiff, it was not necessary for defendant to plead as fully as if condition had been reversed.

**8. Appeal and error ⟐⟐1039(6)—Improper plea of usury held harmless, where not submitted to or considered by jury, and evidence offered admissible on other issues.**

Improper pleading of usury held harmless where not submitted to or considered by jury, and evidence introduced on such issue was admissible on other issues pleaded.

**9. Appeal and error ⟐⟐1062(1)—Error in submitting special issue containing more than one issue of fact held harmless, in view of jury's answer to next question.**

In action by son against father to enforce a judgment which son had purchased, in which father pleaded estoppel, payment, and failure of consideration, establishment of any one of which would defeat recovery, although submission of special issue containing all such general issues was in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, such error was harmless, in view of jury's affirmative answer to second question as to whether a certain settlement between plaintiff and defendant constituted a complete satisfaction of all claims and judgments between them.

**10. Trial ⟐⟐350(3)—Evidence held to warrant submission of special issue as to whether settlement fully satisfied judgment sought to be enforced.**

In action by son against father to enforce judgment which son had purchased, in which father pleaded satisfaction of such judgment, evidence held to warrant submission of special issue as to whether a certain settlement constituted a full satisfaction of all judgments and claims between them.

**11. Trial ⟐⟐350(3)—Submission of special issue whether execution of note by plaintiff and defendant satisfied judgment which plaintiff sought to enforce held raised by pleadings and evidence.**

In action by son against father to enforce a judgment which son had purchased, submission of special issue as to whether note executed by plaintiff and defendant was accepted in complete satisfaction of note on which judg-

ment was based held warranted by the pleadings and evidence, where such note was not merged in judgment which plaintiff purchased, and plaintiff admitted executing note in payment of judgment.

**12. Trial ⟐⟐350(3)—Evidence and pleadings held sufficient to warrant submission of special issue whether defendant owned any land in county on date of filing of abstract of judgment which plaintiff sought to enforce.**

In action by son against father to enforce a judgment which son purchased, defendant's plea, seeking to have any lien created by abstract of such judgment declared null and void, and plaintiff's plea admitting that he caused judgment to be executed, but purposely refrained from enforcing liens created by abstract, held to warrant submission of special issue whether defendant owned any land in county in which abstract of judgment was filed.

**13. Trial ⟐⟐56—Rejection of further evidence as to contents of lost letter not error, where witness testified to practically all he knew thereof.**

Where it was shown that plaintiff in fact testified to practically all he knew about contents of letter which he had lost, court's curtailment of further testimony thereon was not error.

**14. Judgment ⟐⟐916—Items of book account held admissible, in view of pleadings, as to associations and confidential relationship between parties to judgment sued on.**

Evidence of items of book account, kept by defendant, held admissible, in view of defendant's pleadings of association in business and confidential relationship existing between parties prior to judgment sued on.

**15. Appeal and error ⟐⟐1052(2)—Admission of items of book account, if error, held harmless, where entire book later admitted without objection.**

Admission of evidence of items of book account kept by defendant, if error, held harmless, where plaintiff failed to object when entire book was thereafter offered in evidence.

**16. Compromise and settlement ⟐⟐23(2)—Evidence of items in transactions in account between plaintiff and defendant held admissible to show continuing transactions between them.**

Where defendant pleaded that a certain conveyance between plaintiff and defendant was a complete compromise and settlement of all claims up to that time, evidence of items in transactions between them before and after such alleged settlement was admissible to show continuing transactions between them as kept by and known to defendant.

**17. Appeal and error ⟐⟐1053(7)—Admission of testimony to sustain defendant's claim for exemplary damages, if error, held harmless, where such issue removed from case.**

In action by son against father to enforce judgment which son had purchased and to enjoin father from disposing of his property, in which father filed cross-action for exemplary damages, admission of testimony that father's

credit was injured by filing of suit, if error, *held* harmless, where whole matter of · actual and exemplary damages was eliminated from case.

**18. Judgment ⟨Key⟩916—Abstract of judgment filed and proof that defendant owned lands in such county held admissible in action to enforce such judgment, in view of pleadings and relief sought.**

In action by son against father to enforce a judgment which son had purchased, in which father sought to have lien created by abstract of such judgment declared null and void, and plaintiff admitted filing of such abstract of judgment, *held* that, in view of pleadings and affirmative relief sought, such abstract of judgment and evidence that father owned land in county where abstract was filed were admissible; defendants not being required to plead as fully as in a suit to foreclose a judgment lien on specific property.

**19. New trial ⟨Key⟩55—Party knowing of improper conduct of jurors before case submitted, but failing to complain, waived such misconduct.**

Where plaintiff knew before case was submitted to jury that three jurors rode to a picnic with two defendants, but failed to complain thereof, he waived such misconduct.

**20. Appeal and error ⟨Key⟩978(3)—New trial ⟨Key⟩44(1)—New trial for misconduct of jurors discretionary with trial court and not disturbed unless abused; burden on complaining party to show jurors' misconduct prejudicial.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2021, the granting of a new trial for misconduct of jury is within discretion of trial court, which discretion will not be disturbed unless abused, and burden rests upon party complaining to show that such misconduct operated to his prejudice.

On Motion for Rehearing.

**21. Judgment ⟨Key⟩877—Where note on which judgment obtained later discharged, it was immaterial whether debt considered as evidenced by original note or by judgment.**

In action by son against father to enforce judgment which son purchased, which judgment was obtained against father and two others, based on a note executed by father as surety, father alleging that subsequently a note executed by him and his son was given in satisfaction of such judgment, where evidence showed that such alleged note discharged debt on which judgment was obtained, it was immaterial whether debt be considered as evidenced by original note or by judgment which plaintiff is now suing on.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by John Wolf, Jr., against John Wolf, Sr., and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. C. Herman, of Batesville, and Cofer & Cofer, of Austin, for appellant.

Wm. Blakeslee, of Austin, for appellees.

BAUGH, J. On January 2, 1918, John Wolf, Sr., conveyed to John Wolf, Jr., 3,280 acres of land in Zavalla county, Tex., for an agreed consideration of $12,000; $200 cash, note No. 1 for $1,800, due 5 years after date, and notes 2, 3, 4, and 5 for $2,500 each, due 12, 13, 14, and 15 years after date, payable to John Wolf, Sr. Some time in 1921 John Wolf, Sr., made a partition of his property amongst his seven other children, assigning to them, amongst other things, these notes, subject, however, to a lien upon them, held by the Austin National Bank, and retaining for himself the interest on them during his lifetime. In December, 1922, John Wolf, Jr., filed suit against his father, all his brothers and sisters, and the bank, seeking to offset on these notes the amount of a judgment rendered in favor of the American National Bank against his father, C. E. Anderson, and G. W. Malone, on September 8, 1896, for $3,518, which he claimed to have purchased in November, 1896, from said bank, and also asked that all the defendants be enjoined from transferring or disposing of said notes pending final hearing on his suit.

He alleged the insolvency of Anderson and Malone; that he had kept the judgment alive through timely issues of executions thereon; and that the defendants were confederating together to so dispose of all his father's property as to make this judgment uncollectable. He also alleged that on April 10, 1908, he had an accounting with his father in which it was agreed that there was then due a balance of $2,683 on this judgment for which his father then executed to him a note for that amount, bearing 8 per cent. interest, due 12 months thereafter. His suit was first upon the judgment, and, second, upon the note which was 13 years past due. Plaintiff asked that this alleged balance due upon said judgment be established, or, in the alternative, the amount due on said $2,683 note, and allowed as an offset on the notes he had executed to his father. A temporary injunction was granted as prayed for.

The defendant John Wolf, Sr., moved to dissolve the injunction which motion was granted after a hearing thereon, and, upon the trial on the merits, answered by general and special exceptions, general denial and special pleas as follows:

(1) That during 1896, 1897, and 1898, and for several years prior and subsequent thereto, he and plaintiff, who was his oldest son, had been partners in the cattle business. That he reposed great confidence in the judgment and integrity of his son, plaintiff herein, and intrusted in his hands, not only all the partnership affairs, but also most of his individual business transactions as well, keeping no account thereof himself. That after the American National Bank filed

its suit against him in 1896, on the note on which he, John Wolf, Sr., was only a surety, and because of the insolvency of both Anderson and Malone, the other signers, the plaintiff herein, acting in a fiduciary capacity and as agent for his father, paid off and satisfied the judgment of said American National Bank by a note on which his father was principal and he was surety, which note was accepted by said American National Bank in full payment of said judgment, but that said judgment, with its collateral security, was transferred to John Wolf, Jr., in trust for his father. And that thereafter the note given to the American National Bank was paid by the plaintiff in installments, the last of which was paid on December 7, 1898, out of funds belonging to his father.

(2) That the transfer of said judgment to plaintiff was without consideration as to him, but was to him in trust for the use and benefit of his father, and, in order that he might hold such judgment against his codefendants G. W. Malone and C. E. Anderson, whose debt he had paid; and that plaintiff is therefore estopped from asserting any claims against his father under such assignment.

(3) That in the sale and conveyance to John Wolf, Jr., by John Wolf, Sr., of the land in Zavalla county, on January 2, 1918, there was a complete compromise, satisfaction, and discharge of all differences, debts, and claims due from one to the other prior thereto.

The defendant then sought affirmative relief as follows: (1) For damages because said suit was alleged to have been brought in bitterness to vex, harass, and embarrass the defendant in his old age, and for endangering his health; (2) to declare satisfied and paid off as against John Wolf, Sr., the judgment, claimed by plaintiff against his father; (3) that whatever liens were created upon, or that may have attached to, defendant's property by virtue of plaintiff's having filed in the office of the county clerk of Travis county, an abstract of said judgment be declared null and void and that plaintiff be restrained from attempting to enforce said judgment against his father in the future.

In so far as applicable to them the other defendants adopted the answer and special pleas of John Wolf, Sr.

The case was tried to a jury, and the following issues submitted to them:

"Question No. 1. Did the defendant John Wolf, Sr., owe to the plaintiff, John Wolf, Jr., any sum or sums of money on account of said judgment in cause No. 12823, American National Bank v. C. Ed. Anderson et al., at the time of the institution of this suit on December 15, 1922? Answer: No.

"Question No. 2. Was the settlement of January 2, 1918, between John Wolf, Jr., and John Wolf, Sr., in which John Wolf, Sr., deeded to John Wolf, Jr., about 3,280 acres of land, and John Wolf, Jr., gave John Wolf, Sr., $200 in cash and notes for $11,800, a full and complete settlement of all claims, judgments, accounts, and debts between John Wolf, Jr., and John Wolf, Sr.? Answer: Yes.

"Question No. 3. Did the American National Bank of Austin, Tex., accept the note of John Wolf, Sr., and John Wolf, Jr., for $4,244.65, dated August 5, 1896, and secured by a deed of trust executed by John Wolf, Sr., on about 194 acres of land in Travis county, Tex., the property of John Wolf, Sr., as full and complete payment and satisfaction of a note of said American National Bank against C. Ed. Anderson, G. W. Malone, and John Wolf, Sr.? Answer: Yes.

"Question No. 4. Was the note offered in evidence in this case, of date April 10, 1908, for the sum of $2,683, given by the defendant John Wolf, Sr., and accepted by the plaintiff, John Wolf, Jr., as an evidence of the balance due on said judgment of the American National Bank v. C. Ed. Anderson et al., or was it given and accepted by the parties as a balance due on general running accounts between the two? Answer: It was given on a balance due on running account between the two parties.

"Question No. 5. Did the defendant John Wolf, Sr., own any land in Travis county, Tex., on August 12, 1922, the date of the filing of the last abstract of judgment in the cause of American National Bank v. C. Ed. Anderson et al.? Answer: Yes."

The court rendered judgment for the defendants in accordance with said findings, nullified the old American National Bank judgment as between John Wolf, Jr., and his father, dissolved permanently the injunction theretofore granted, declared null and void the abstract of judgment filed in Travis county, and restrained John Wolf, Jr., from attempting to enforce said old judgment against any of the defendants. From this judgment this appeal is prosecuted.

[1] Appellant asserts error of the trial court under 41 propositions of law based upon 42 assignments. The first four of these propositions relate to failure of the trial court to sustain plaintiff's general exception to that portion of defendants' plea in reconvention asking for damages. These propositions are without merit, because the matters to which they are directed were abandoned by the defendant, were not submitted to the jury, and had no place in the judgment, and plaintiff was not injured. The error, if any, was harmless.

[2, 3] The fifth and sixth propositions relate to the sufficiency of the defendant's plea for affirmative relief. He alleged that the plaintiff had filed with the county clerk an abstract of judgment against him, and asked that all liens created thereby against his property be declared null and void. His allegations could properly have been fuller on this point, but, under the issues as raised by the pleadings, we think they were sufficient as against a general demurrer. It

was not necessary for the defendant to plead as fully in the case as if he had been endeavoring to foreclose a judgment lien. We doubt if defendant's plea in reconvention, standing alone, would be sufficient. But this plea relates to the identical subject-matter upon which plaintiff's suit was brought, and was in addition to a plea in reconvention a defense to plaintiff's suit. In such case his plea for affirmative relief should be considered in connection with the pleadings of the plaintiff, and, if taken together they present the issues, that is sufficient. Jones v. Wagner (Tex. Civ. App.) 141 S. W. 280; Bourke v. Vanderlip, 22 Tex. 222; Traction Co. v. Polytechnic (Tex. Civ. App.) 236 S. W. 73. Plaintiff in his supplemental petition admits the filing of the abstract of judgment in Travis county. This was for the manifest purpose of fixing a lien upon any land owned or thereafter acquired by his father situated in Travis county. If the judgment was void as to John Wolf, Sr., he was entitled to have such obstacle removed, and all the pleadings taken together sufficiently bring that issue before the court. This also disposes of appellant's seventh proposition.

[4] There is no merit in appellant's eighth proposition. Defendant's answer and plea were not a collateral attack upon the old judgment but a defense to an action upon it, and a direct attack, not upon the judgment, but upon the asserted interest of plaintiff in said judgment. The liability as between John Wolf, Sr., C. E. Anderson, and G. W. Malone, original defendants in said judgment, was not sought to be changed, nor were their rights in any wise affected by the judgment in this case. It was not necessary therefore to make them parties to the suit.

[5] In his ninth and tenth propositions appellant asserts error of the trial court in refusing to allow him to take a nonsuit. This was requested in writing before the evidence was concluded and again after it was concluded. There was no error in this. The cases cited by appellant (Peters v. Chandler [Tex. Civ. App.] 51 S. W. 281, and Apache Cotton Oil Co. v. Watkins et al. [Tex. Civ. App.] 189 S. W. 1083) are not parallel cases to the one before us. In those cases the court held that only affirmative defenses were offered. In the case before us plaintiff's father not only defended by pleas above set out, but sought to clear his property of the liens created by plaintiff's action. This could be done only by litigating the very issue raised by plaintiff. The pleadings of both parties involved the same subject-matter on which each sought affirmative relief, and the right of either to the relief asked for depended upon the legal status, as between them, of the judgment sued upon. The plaintiff could not therefore dismiss his suit at will. Bradford v. Hamilton, 7

Tex. 59. See, also, R. S. 1911, art. 1900; Egery v. Power, 5 Tex. 501; Jones v. Wagner (Tex. Civ. App.) 141 S. W. 281; Jackson v. Furst, Edwards & Co. (Tex. Civ. App.) 154 S. W. 243.

Appellant's propositions 11 to 15, inclusive, all complain of the court's action in overruling his general demurrer to the defendant John Wolf's second amended original answer, first, in that it set up matters that were res adjudicata; second, that his plea of accord and satisfaction was insufficient; and, third, that it improperly pleaded usury charged said defendant by plaintiff. The pleadings are lengthy, and it is unnecessary to set them out in detail.

[6] The question of res adjudicata is not necessarily raised by the answer complained of. It is not pleaded, as contended by appellant, that the note given the American National Bank in satisfaction of the judgment was given before said judgment was rendered, and must therefore have been merged into the judgment, but "that a promissory note of date between July 7th and November 20th, A. D. 1896," was given. The suit was filed in said cause on July 7, 1896, the judgment rendered therein on September 8th. The assignment to John Wolf, Jr., was made on November 20th. Hence there were 40 days after the judgment and before the assignment covered by the pleadings, and the allegations are not subject to the objection lodged against them.

[7] Nor do we sustain appellant's contention on the plea of accord and satisfaction. Without setting out the pleadings on' this issue, suffice it to say that under the circumstances of this case they were sufficient. Though not as full as they might have been, they set forth facts which put plaintiff upon notice of what his defenses were. By virtue of the relationship pleaded between the plaintiff and his father plaintiff's possession of the books, notes, checks, etc., and his having conducted to a large extent the very business involved, the facts relied upon by John Wolf, Sr., and pleaded by him as a defense, were peculiarly within the knowledge and possession of the plaintiff himself —far more so than in that of his father. In such case it was not necessary for him to plead as fully as it would have been had such condition been reversed. Graham-Brown-Shoe Co. v. Snodgrass (Tex. Civ. App.) 257 S. W. 632, and cases there cited.

[8] The question of usury, though not sufficiently pleaded perhaps, was immaterial. It was not submitted to the jury, and appears not to have been considered. The only evidence offered that could have been introduced on that issue were the charges made against John Wolf, Sr., on the books kept by the plaintiff. This was admissible on the other issues pleaded anyway, so no injury could have been done.

[9] Appellant's propositions Nos. 16 to 19 complain of issue No. 1 submitted to the jury on the following grounds: First, because it is a mixed question of law and fact; second, because there was no pleading to support any evidence of payment; third, because there was no evidence of record showing specific payments; and, fourth, because it involved more than one issue of fact. We think the last contention at least is correct. The suit was on the judgment. John Wolf, Sr., defended on three grounds: Estoppel, payment, and failure of consideration for the assignment of the judgment to John Wolf, Jr. The establishment of any one of these defenses would defeat a recovery. If the jury found in favor of John Wolf, Sr., on any one of them, it would have sustained their answer to question No. 1. We think the question as submitted contained all these general issues, and was violative of section 1, p. 113, Acts of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a), requiring special issues to be submitted distinctly and separately as submitted was in effect the submission of a general issue which could have included, and perhaps did include, more than one issue of fact.

[10] However, in view of the jury's finding in answer to question No. 2, we think this error was of no consequence. Even if it be conceded that the plaintiff acquired the judgment against his father for a valuable consideration, that he was not estopped to enforce it. and that it was not theretofore paid off, the jury's answer to question No. 2 is sufficient to dispose of the case. Appellant complains that this question was a charge upon the weight of the evidence, and that there was no evidence to authorize the submission of this issue. But we think there is no merit in this contention. It is undisputed that appellant and his father were partners from 1891 to about September 1, 1902, during which time, as shown by the books kept by appellant, numerous and extensive transactions between them occurred, including the matter of taking the judgment by the American National Bank, the execution of the note to that bank by appellant and his father, the transfer of this judgment to appellant, and the payment by installments of the note which appellant claims he and his father executed to the bank for the judgment. According to appellant's testimony, all moneys paid out by him for the account of his father were charged to his father, including the installments paid by him on the note. At the time the partnership closed on September 1, 1902, according to the books kept by appellant, his father owed him only $632.10 on account, and this included all that he had paid out for or on account of the judgment involved. No account was rendered to his father until some time in 1905, however, and then only after repeated efforts to obtain it. It appears that his father was not satisfied with the accounting, and though he executed a note for $2,683 in 1908, he continued to claim that his son owed him a large sum of money growing out of their partnership business sale of cattle belonging to the father, and the son's use of his father's ranch subsequent to the termination of the partnership. Included within the transactions out of which this claim grew were all those effecting the judgment sued upon. Finally John Wolf, Sr., claiming that his son owed him about $30,000, went with I. D. Childress to San Antonio, in the latter part of 1917, for the purpose of settling this claim against his son. According to the testimony of I. D. Childress, taken upon the motion to dissolve the injunction, and introduced upon the trial thereafter by the appellant, John Wolf, Jr., disputed the claim, said that he had shipped the cattle to Oklahoma and lost heavily on them; that he had paid notes for his father and did not owe him a cent; that he would not pay him anything; and that he could hold his father's ranch against him by limitation, "if he so minded to." Childress further testified that, in view of the son's claiming the land, he advised his father to sell it to him, and finally made the settlement between them by the conveyance of the land for $12,000. It is true that the judgment was not specifically mentioned in this settlement, but it was only one of numerous items, all within the peculiar knowledge of the appellant, who kept the only record of such things, included within the claim of the father and arising out of their partnership and personal transactions covering a period of more than 25 years. We think that the evidence was sufficient to warrant the jury in finding that this judgment was included in the settlement made between the plaintiff and his father on January 2, 1918, and that it was, as between them, fully satisfied.

[11] There is no merit in appellant's twenty-second proposition complaining of the submission to the jury of question No. 3. It was clearly raised by the pleadings and the evidence. The note for $4,244.65 was not merged into the judgment taken by the American National Bank against C. E. Anderson, G. W. Malone, and appellant's father, and there is no question of res adjudicata applicable. The appellant himself testified on direct examination that he and his father executed this note to the bank "in payment of that judgment."

[12] There was no error in submitting question No. 5. After setting out his defenses and the filing and recording by appellant of the abstract of judgment in Travis and other counties, John Wolf, Sr., asked that whatever liens may have been created thereby be declared null and void. Thereupon appellant in this replication to his father's

plea in reconvention pleaded "that plaintiff caused said judgment to be executed, but purposely refrained from enforcing the liens created by said abstract upon his father's land." These pleadings were sufficient to raise the issue, as was the evidence, and the question was properly submitted.

What has already been discussed obviates the necessity for a discussion of appellant's twenty-sixth proposition that he should have had an instructed verdict in his favor.

[13] Proposition No. 27 presents no error. The bill of exceptions shows upon its face that appellant did in fact testify to practically all he knew about the contents of the letter which he had lost, and the court's curtailment of further testimony thereon could not have injured him.

[14, 15] In his twenty-eighth and twenty-ninth propositions appellant complains of the court's action in permitting the defendant to prove by him the items of book account kept by him as between him and his father prior to September 8, 1896, the date of the judgment sued upon. There was no error in this. Not only was it admissible under John Wolf, Sr.'s, pleadings of their association in business and the confidential relationship existing between him and his son since 1886, during all of which time the appellant was intrusted wholly with keeping such books and accounts, but the entire book was thereafter offered in evidence without objection from appellant. Even if error in the first instance, failure to object when offered thereafter rendered such error immaterial. Slayden v. Palmo, 108 Tex. 413, 194 S. W. 1104; Letcher & Moore v. Morrison, 79 Tex. 240; Ry. Co. v. Rodriquez (Tex. Civ. App.) 185 S. W. 315. This also disposes of appellant's thirtieth and thirty-first propositions.

[16] In his thirtieth to thirty-second propositions appellant complains of the admission in evidence over his objection of items and transactions in the account between him and his father after April 10, 1908, the date of the $2,683 note, and January 2, 1918, the date of the conveyance to appellant of his father's ranch in Zavalla county. There was no error in this. Amongst other pleas, the defendant, John Wolf, Sr., alleged that the conveyance of January 2, 1918, was a complete compromise and settlement of all claims and differences of a pecuniary character up to that time existing between father and son, and that, if any debt was then owing by the father to the son, it was by said transaction satisfied and discharged. Under such pleading it was competent to show the continuing transactions between them as kept by and known to appellant.

[17] Appellant's thirty-third proposition complains of the testimony of Dr. E. P. Wilmot that by the filing of the injunction suit appellant had injured the credit of his father at the Austin National Bank to which he then owed a note, secured by the vendor's lien notes given by appellant to his father as collateral. This testimony was offered in support of John Wolf, Sr.'s, cross-action for exemplary damages. Appellant's objection to this testimony should have been sustained. However, we have read carefully the entire testimony of Dr. Wilmot, and are of the opinion that, in the light of same, the objectionable testimony was not in fact prejudicial, but merely the statement of facts which the jury could properly have concluded without such testimony. In any event, the whole matter of actual and exemplary damages was eliminated from the case, and the error, if any, was harmless.

[18] Appellant's propositions 34 to 38 all relate to the abstract of judgment offered in evidence by defendant and proof of defendant, John Wolf, Sr.'s, ownership of specific land in Travis county, insisting that such proof was not admissible under the pleadings. We have already discussed the sufficiency of the pleadings, and need not reiterate that discussion. Appellant apparently disregards his pleading, which appellees were entitled to have considered in connection with their own, that he had filed such abstract of judgment, "but purposely refrained from enforcing the liens created by said abstract upon his father's land." Under such pleadings and the special defenses set up by his father, as well as the affirmative relief sought, all of the evidence complained of was admissible. The cases cited by appellant and relied upon by him apply where an abstract of judgment lien is sought to be foreclosed on specific lands. That is not true in this case. Defendant was seeking to remove an obstacle, which, because of appellant's action, and according to his own pleadings, was filed as, and intended by him to become, a lien upon any and all lands owned or thereafter acquired by his father in Travis county. Under such circumstances the defendants were not held to that fullness of pleading nor character of proof which would have been necessary and competent in a suit to foreclose a judgment lien on specific property.

[19] The only remaining proposition not disposed of in the foregoing discussion is the forty-second and last. This proposition complains of misconduct of the jury in associating with two of defendants during the trial, especially in that three members of the jury, while the court gave a recess in order to prepare his charge, went with two of defendants in defendants' automobile to a picnic, some 12 miles from Austin, and were brought back by them to Austin before court convened. It appears from the proof that this was done at the instance of the jurors themselves; that they paid for the gasoline; that the case was not mentioned; and that the jurors and defendants did not

associate with each other at the picnic. The fact that they went to and returned from the picnic together was known to appellant and his attorneys before the case was submitted to the jury, but no complaint thereof was made until after the jury had returned their verdict against appellant.

If appellant has made complaint in proper manner before the case went to the jury, a different question would be presented. Juries and litigants should in all instances so conduct themselves as to guard against and be free from any character of influence, partiality, or favor in arriving at their verdict. Even though such association as in the case before us be accidental or casual and free from any improper motive, such conduct causes suspicion, and should be condemned. However, where, as in the instant case, the complaining party knew, before the case was submitted to the jury, of such improper conduct, and chose to take his chances before the jury rather than complain of same and seek to correct it, the courts have consistently held that he waives such misconduct, and cannot, after the verdict goes against him, be heard to complain for the first time. Williams v. Phelps (Tex. Civ. App.) 171 S. W. 1102; Clark v. Elmendorf (Tex. Civ. App.) 78 S. W. 540; H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Ry. Co. v. Lumber Co. (Tex. Com. App.) 206 S. W. 824; Nye & Schneider Co. v. Snyder, 56 Neb. 754, 77 N. W. 118; Hanson v. Shelburne, 23 Wyo. 445, 153 P. 899.

[20] This matter was presented to the trial court for the first time in appellant's motion for a new trial, and became a matter within the discretion of the trial court. Vernon's Sayles' R. C. S., art. 2021, and authorities there cited. Only when that discretion is abused will the appellate court disturb the trial court's action, and the burden rests upon the party complaining to show, not only misconduct, but that such misconduct operated to his prejudice. Galveston Electric Co. v. Hanson (Tex. Civ. App.) 187 S. W. 533; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[21] In his motion for rehearing appellant complains of our overruling his contention that what was known as the "Anderson note" was merged into the judgment and became res adjudicata as to all matters prior thereto. Upon re-examination of appellees' pleading on this point we find that, as contended by appellant, appellees did not allege that the note for $4,244.65 was executed and delivered in payment of said judgment to the American National Bank, but that same was given in payment of the debt (that is, the Anderson note) on which said judgment was rendered. And this was the issue submitted to the jury in question No. 3, complained of by appellant. Appellees did allege, however, that said judgment had been paid off and satisfied when assigned to John Wolf, Jr.

Whether the note for $4,244.65 was given in payment of the "Anderson note" on which John Wolf, Sr., was surety, or given as additional security for its payment, the result is, in our opinion, the same. It is clear from the evidence that, so far as the American National Bank was concerned, its debt against Anderson, Malone, and John Wolf, Sr., was in fact discharged by the note for $4,244.65, whether that debt be considered as evidenced by the original note or by the judgment sued upon by appellant. We are also of the opinion that the evidence was sufficient to show that John Wolf, Jr., had paid said note out of funds belonging to his father, or out of partnership funds, and had reimbursed himself for all such sums prior to the time John Wolf, Sr., executed the $2,683 note. Such is the effect of the finding of the jury in answer to question No. 4. But, regardless of this, we think the findings of the jury in reply to question No. 2 conclusively disposes of the case against appellant and renders further discussion unnecessary.

Appellant earnestly insists that this court erred in not reversing the case because of the error committed by the trial court in submitting question No. 1 in its general form. We have carefully read and considered Worden v. Kroeger (Tex. Com. App.) 219 S. W. 1094, Anderson & Co. v. Reich (Tex. Com. App.) 260 S. W. 162, and Ft. W. & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 255 S. W. 674, on this issue, and are of the opinion that the rule there laid down does not govern the case before us. Each of those cases was a suit for damages charging negligence of the defendant, and in each case the court, in addition to the questions of fact submitted to the jury, also gave additional charges either grouping certain facts as constituting negligence or submitting some proposition of law in connection therewith, or submitted some special issue calculated to confuse the minds of the jurors. No such charge was given in the instant case. Nor does it appear that said question No. 1 confused the jury in their consideration of question No. 2, or that it worked an injury to appellant in the consideration of, and answer to, question No. 2. Appellant's motion is therefore overruled.

Overruled.

### On Motion for Conclusions of Fact and Law.

Appellant has filed herein his motion that this court make and file its conclusions of fact and conclusions of law. We do not desire to unduly prolong the opinion in this

case nor to make it more voluminous, and therefore shall not set out such findings herein. It is sufficient to say that conclusions of fact numbered 1, 2, 3, 4, 5, 6, and 7, submitted in appellant's motion, are adopted. Those numbered 8, 9, 10, and 11 are refused. In refusing to adopt the last four as submitted we do not mean to say that we find against appellant on all the matters presented in said proposed conclusions, but only that we cannot approve them in toto as offered. On these matters, as on the other findings for that matter, we think our main opinion and that on the motion for rehearing set out our findings and conclusions on all facts essential to a disposition of this appeal. We therefore deem further discussion here unnecessary.

Our conclusions of law are sufficiently stated in our opinion, and further statement is unnecessary. To the extent indicated appellant's motion is granted, and in other respects it is overruled.

Granted in part, and in part overruled.