Wm. R. Johnson v. William B. Lockhart, Administrator, et al.

Decided March 23, 1899.

**1. Pleading—Action by Administrator.**

A petition by an administrator in an action to cancel a note given for the purchase price of land and a deed of trust securing the same, on the ground that the note had been paid, is not bad for failure to state the time and place of payment, where it alleges facts from which a presumption of payment might arise, and that plaintiff has no personal knowledge of the facts of the matter.

**2. Evidence—Presumption—Circumstances.**

Any circumstance tending to strengthen the presumption of payment of a note, arising from the great lapse of time since its maturity, is competent evidence in an action for the cancellation of the note and a deed of trust securing the same as a cloud on the title to land.

**3. Practice—Verdict on Conflicting Evidence.**

An instruction to return a verdict for defendant is properly refused where there is sufficient evidence to sustain a verdict for plaintiff, although the jury might well have found for the defendant.

**4. Charge on Weight of Evidence—Payment of Note.**

An instruction that the production by defendant of a note sought to be canceled on the ground of payment, and his possession of the same, are evidence that the note has not been paid, is properly refused as a charge upon the weight of the evidence.

Appeal from Galveston. Tried below before Hon. William. H. Stewart.

*S. S. Hanscom,* for appellant.

*Mott & Armstrong* and *Maco Stewart,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—In May, 1883, Susan A. Dirmeyer, joined by her husband, sold and conveyed to A. Bernard lot 11, in block No. 490, in the city of Galveston, the price of the property being $2000, of which $1500 was paid at the time of the sale, and the balance was secured by a promissory note of the vendee, payable twelve months from the date of the sale, with a vendor's lien reserved in the deed of conveyance; and a deed of trust was also executed by the vendee, Bernard, to one D. Cavitt, whereby the mortgagor stipulated in case of failure by him to pay said vendor's lien note upon its maturity, that the said Cavitt should take possesion of the said lot and sell the same in satisfaction of said debt. Bernard at the time of the conveyance entered upon the premises, and continued to occupy the same until his death, in October, 1894. In the meantime Cavitt had died, whether before or after the maturity of the note is not definitely shown by the evidence. Bernard remained in undisturbed possession of the lot, using and enjoying it as his property, paid the taxes thereon, paid insurance on the property against fire, and made valuable improvements to the lot and kept the premises in repair. The evidence shows that for several years after the purchase of the property, Bernard was a thriving and prosperous man, and his bank account shows sums to his credit more than sufficient at the maturity of the note, to pay the same, and that such was the state of his account for some time after the note matured; but in the latter years of his life his financial condition was much changed, and he on several occasions was known to borrow small sums to make payment of his taxes. The deed of conveyance from Dirmeyer to Bernard, and also the deed of trust from him to Cavitt, were drawn by the appellant, Wm. R. Johnson, who was at the time a real estate agent in the city of Galveston, and who represented Mrs. Dirmeyer in the sale of the property, and shortly thereafter negotiated for her Bernard's note for the $500, the unpaid balance of the price of the lot. The note and the deed of trust to Cavitt were assigned in June, 1883, by Mrs. Dirmeyer to I. S. LeClere, this transfer being also in the handwriting of the appellant. In January, 1894, LeClere for value transferred the note to appellant, and in his possession it has since remained. Appellant was never the agent of Bernard. He was doing a large and profitable business as real estate agent in Galveston at the time of the purchase by Barnard from Mrs. Dirmeyer, and is still pursuing the occupation of real estate agent; but since 1893 his business has not been so profitable, and between that date and the trial, to quote his language when testifying, "he had several times wanted five hundred dollars bad." He is an intelligent, capable, and prominent business man. He knew Cavitt well, and knew he was dead, but could not recall the date of his death; knew Bernard, met him occasionally; and knew lot 11 in block 490; and had doubtless passed the premises several times since its sale to Bernard. Shortly after the death of Bernard, the appellee Lockhart, at the request of the appellee Carter, who is a creditor of his estate, qualified as administrator of Bernard's estate, and returned an inventory to the court, including the property in litigation, and afterwards obtained

an order for the sale of same. The sale was made and confirmed by the court in January, 1895, but upon discovery by the purchaser that there was no release upon record of the deed of trust upon the property executed by Bernard in 1883 to Cavitt, he declined to consummate the sale; and the administrator, Lockhart, observing that the deed to the property was in the handwriting of the appellant, directed Carter to inquire of appellant as to the lien upon the lot. What was said by appellant in response to Carter's inquiry the evidence leaves uncertain, further than that Johnson knew nothing of a release, and referred Carter to the records of the county. Upon this inquiry being made of him, Johnson began to inquire himself into the matter, and finding the note in his safe with his other notes, and discovering no release on file in the clerk's office, he presented the note to Lockhart for payment, when the latter informed him, as the note was barred, he could not allow it as a claim against the estate of his intestate, and suggested that he would reject the claim, and that Johnson might bring suit and have the matter judicially determined. This was in the spring of 1895, and nothing being done by Johnson, and there being no other assets of the estate, and the debts thereof being pressing, Lockhart, towards the close of the year 1895, instituted suit against Johnson, alleging that the note had been paid, but no release having been made of the deed of trust, the assertion by Johnson that the note was still unpaid created a cloud upon the title to the property, and he prayed for the cancellation of the purchase money note and removal of cloud upon the title of the estate of Bernard to the property. In the meantime Johnson had, in December, 1895, acquired title to the lot by purchase from Mrs. Dirmeyer, and in January, 1896, he answered Lockhart's suit, and in his answer he asserted the right to rescind the contract of sale made with Bernard by Mrs. Dirmeyer, and alleged that the note given for the balance of the purchase money by Bernard had never been paid, and made exhibit of the same; and upon this issue and others not necessary to be here stated, the cause was tried by the judge of the court, and judgment was rendered against Johnson, and which judgment upon appeal to this court, as will be seen in the report of the decision in 40 Southwestern Reporter, was reversed and the cause remanded. Upon the return of the mandate the plaintiff amended his petition, and Johnson instituted suit against appellees Carter and wife, who were in possession of the property, to eject them therefrom, and the two suits were with consent of the parties consolidated. Upon trial of the cause verdict and judgment were rendered against Johnson canceling the note and quieting the title of the administrator Lockhart to the property, and a new trial being denied him, Johnson appeals to this court.

The first assignment of error is, the court erred in not sustaining special exceptions to the pleadings of appellee Lockhart, because there is no allegation in said pleadings of the time, or date, or place, or manner of the alleged payment of said note. We think the appellee Lockhart is excused from the observance of the rule of pleading invoked by appellant by the nature and purpose of his suit as disclosed in the averments of his plead-

ings. The petition, among other allegations, avers "that plaintiff's intestate continued in uninterrupted and peaceable possession of the lot purchased from Mrs. Dirmeyer from May, 1883, until his death in October, 1894; and that his possesison was accompanied with claim of title adverse to all persons, and of all which appellant had full knowledge; and notwithstanding which appellant had never asserted any right in or claim to said property until after the death of Bernard and that of the trustee, Cavitt, and of every other person who might be able to testify as to the payment of said note, as well as to the acts and declarations of the said Bernard relating to said property, which evidenced a possession and a claim of right by Bernard hostile to Mrs. Dirmeyer and all persons claiming under or through her, from and after the maturity of the note, until his death." The petition also avers, that when appellant presented the note to the administrator for allowance, "the administrator advised him, as the note was barred by limitation, he was compelled to reject the claim, and requested appellant to institute suit against him, that the matter might be judicially settled;" and further, the plaintiff in his petition avers, "that of his own personal knowledge he does not and can not know that there is anything due by the estate of said Bernard to the said defendant Johnson, but he believes and alleges that all indebtedness that was ever due by the said Bernard to the said Johnson has been duly paid, and that acting in the capacity of administrator of the estate of his intestate, he does not refuse to pay the indebtedness evidenced by the $500 note, in the event it shall be decreed that said note is still unpaid, and that the defendant is entitled to maintain his action." While these averments show that the appellee had no direct evidence of the payment of the note, they further show, if true, that it was the duty of the administrator to have a judicial inquiry and determination as to the rights of Johnson and as to his duty in the premises; and such being the purpose of his suit, he made, under the circumstances, as full and definite an allegation of payment of the note as could be required of him.

There was found among the papers of Bernard, after his death, certain memoranda or indorsements in the handwriting of the appellant, to wit: On the deed from Dirmeyer to Bernard, "No. 18." On part of an envelope the words, "Release to No. 18, filed May 23d, 1883. Deed Susan A. Dirmeyer to A. Bernard, filed May 23d, 1883;" and on a large manilla envelope the words, "Deeds—Susan Dirmeyer to lot 11, block 490, Galveston. A. Bernard, Esq.;" and the words of this indorsement were in handwriting of appellant; and on this deed from Dirmeyer and wife to Bernard was also indorsed, in the handwriting of appellant, the words: "Record and return to Wm. R. Johnson;" all of which memoranda were admitted in evidence over the objections of appellant, as were evidence of the bank account of Bernard heretofore recited; evidence of payment of taxes on the property; of premiums on insurance policy against fire; of payment of money for repairs and improvements made on the property; and the testimony of witness E. R. Yanch, that witness was with Bernard on one occasion when he left witness and went into the office of appellant,

was also admitted in evidence over the objection of appellant; and the admission of all of said evidence and said testimony, and the refusal of the court to exclude the same, and to instruct the jury to disregard it, are the subject of the second, third, fourth, fifth, sixth, and seventh assignments of error. The objections urged to the admission of all of said evidence were, that the same was irrelevant and calculated to mislead and did mislead the jury. We think these assignments are each and all without merit, and that the facts put in evidence were all pertinent and relevant to the issues joined between the parties and proper to be considered by the jury, with the long lapse of time since the maturity of the note, and with the other facts in evidence, in determining whether or not the note had in fact been paid. The payment of the note, notwithstanding its production by the appellant, with his positive testimony that it had not been paid, might be proved by circumstances; and hence any circumstance tending to strengthen the presumption of payment arising from the great lapse of time since the maturity of the note, was competent evidence for the appellees.

The appellant under his eighth and tenth assignments complains of the court for not instructing the jury to return a verdict for the appellant, and the refusal of the court to instruct the jury, at the request of appellant, to the effect that the production of the note by the appellant and his possession of same since his purchase is evidence that said note has not been paid, and that the burden of proof was upon the appellees to show payment of the note. The first of these assignments is not well taken, because the charge requested was not warranted by the evidence. Without deciding in whose favor the evidence preponderates, it is sufficient to say that there is ample evidence to sustain the verdict, and while the jury might well have found for the defendant, the case is not one which would authorize us to set aside the verdict.

The tenth assignment is bad, because the charge requested and refused was upon the weight of the evidence and was properly refused. What we have said disposes, we think, of all the assignments presented by appellant. The contention of appellees that the appellant is barred by the several statutes of limitations pleaded by them, as well as by his laches, from recovery, involve propositions which, from the view we take of the case, it is unnecessary either to discuss or determine. Discovering no error in the record of which the appellant can complain, the judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.