SMITH PREMIER SALES CO. v. CONNELLEE.

(Court of Civil Appeals of Texas. Ft. Worth. May 4, 1912.)

JUSTICES OF THE PEACE (§§ 44, 141*)—APPEAL—JURISDICTION.

Plaintiff brought suit before a justice against a sheriff and his bondsmen and against defendant sales company and the sureties on an indemnifying bond executed by it to the sheriff for $200 damages for alleged wrongful levy of a writ of sequestration on a machine, and also prayed for cancellation of certain notes to the amount of $70 given as part of the purchase price of the machine. Held, that the amount of plaintiff's demand was $270, which was beyond the jurisdiction of the justice (Sayles' Civ. St. art. 1568), and therefore the county court could acquire none on appeal.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172, 467–476; Dec. Dig. §§ 44, 141.*]

Error from Eastland County Court; E. A. Hill, Judge.

Action by C. U. Connellee against the Smith Premier Sales Company. Judgment for plaintiff, and the Sales Company brings error. Reversed and dismissed.

J. R. Stubblefield, of Eastland, for plaintiff in error. Earl Conner and D. G. Hunt, both of Eastland, for defendant in error.

DUNKLIN, J. The county court of Eastland county rendered a judgment in favor of C. U. Connellee against the Smith Premier Sales Company for the cancellation of seven promissory notes executed by Connellee in favor of said company for $10 each, also in favor of Connellee against E. P. Kilbourn, sheriff, and his bondsmen, for $105, and in favor of the sheriff over against said company for the same amount. The Smith Premier Sales Company prosecuted a writ of error from that judgment.

Plaintiff in error has failed to file briefs in this court in accordance with the prescribed rules, and, based on that failure, defendant in error has filed a motion to dismiss the writ of error. But this motion will be denied because there is fundamental error apparent in the record requiring a reversal of the judgment as will hereinafter be shown.

The suit was instituted by Connellee in the justice's court, and in his pleading he sought a judgment against the sheriff and his bondsmen and against the Smith Premier Sales Company and H. W. Dickson and W. N. Shaw, sureties on the bond of indemnity executed by that company in favor of the sheriff, for $200 damages for the alleged wrongful levy of a writ of sequestration upon a typewriter machine which plaintiff had purchased from said company and which was taken from the plaintiff's possession and converted to defendant's use. Plaintiff also prayed judgment for a cancellation of seven promissory notes for the sum of $10 each executed by plaintiff in favor of the company in part consideration for said machine which plaintiff alleged was worthless and which the vendor had warranted to be a first-class machine. Judgment was rendered in the justice's court in plaintiff's favor against all defendants for $140 as damages for the alleged

conversion, and against the Smith Premier Sales Company for the cancellation of the seven notes each for $10 and aggregating $70. It thus clearly appears that the amount of plaintiff's demand was $270, which was beyond the jurisdiction of the justice's court. And, as the jurisdiction of the county court to which the suit was carried by appeal was appellate and not original, it acquired no jurisdiction to render the judgment from which the appeal now before this court was prosecuted. Sayles' Civil Statutes, art. 1568; C., R. I. & G. Ry. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117; Cotulla v. Goggan, 77 Tex. 32, 13 S. W. 742.

For the reasons noted, the judgment is reversed and the cause dismissed.