JACKSON v. FURST, EDWARDS & CO.

(Court of Civil Appeals of Texas. Dallas. Feb. 15, 1913.)

DISMISSAL AND NONSUIT (§ 19*) — RIGHT TO ENTER—AFFIRMATIVE RELIEF.

Where, in an action upon a note, defendant answered, setting up that the note had been given by him to plaintiffs to pay for alleged losses in foreign sales of cotton, but that it was a mere tentative settlement, and that plaintiffs denied him proper credits in excess of the note, and praying for the cancellation of the note and for costs, the answer was equivalent to a pleading demanding affirmative relief, and so precluded plaintiffs from dismissing in accordance with Rev. Civ. St. 1911, art. 1955, authorizing a dismissal where the defendant has not asked for affirmative relief.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 33–36; Dec. Dig. § 19.*]

Appeal from District Court, Hill County; C. M. Smithdeal, Judge.

Action by Furst, Edwards & Co. against W. E. Jackson. From a judgment allowing plaintiffs to dismiss, defendant appeals. Reversed and remanded.

Wear & Frazier, of Hillsboro, for appellant. Collins & Cummings, of Hillsboro, for appellees.

RASBURY, J.   Appellees sued appellant upon a promissory note for $1,500, signed by appellant and payable to appellees. Appellant answered by general demurrer, general denial, and specially that appellant was induced to sign the note sued upon by the false representations of appellees in reference to the state of accounts between appellant and appellees, and which were re-

lied upon by appellant. The specific claim was made that appellees were engaged in buying and selling cotton in both the United States and Europe, while appellant was engaged in a like business in Hillsboro and surrounding country, and that during the period named in the pleading all cotton bought by appellant was in turn sold by appellees in the various local and foreign markets, under an agreement by which, after deducting all expense of selling same, appellees were to receive 60 per cent. and appellant 40 per cent. of the profits realized; the expenses being telegrams and cablegrams and the expense of reweighing and resampling any cotton sold at points in Europe. Appellant also claimed that at the time he signed the note sued on (and another for $1,000 subsequently paid), he did so under the presumption that the cotton handled by appellees for him had resulted in a loss to the amount of said notes, but that nevertheless it was not definitely known that said two notes correctly represented appellant's indebtedness to appellees or his losses, and same were executed and delivered as a tentative settlement only, and with the understanding that any excess would be refunded by appellees. Appellant then sets out certain overcharges, excess charges, and omitted credits which, he claims, he is entitled to, amounting to $1,188.27, and being that much in excess of what the notes he signed should have been for, and that much in excess of what he would have signed for, had he known the condition of his account with appellees. Appellant further alleged that appellees did not fully and correctly advise him, at the time he signed said notes, of the charges accruing from time to time for handling the cotton bought by appellant, nor furnish him complete statements showing items of expense, but that he had complete confidence in and implicitly relied upon the representations of appellees that the statements as rendered were true, and so relying signed the notes sued on; and that he has never yet been furnished with complete statements of expense incurred in handling said cotton, and that he believes and charges the fact to be that such statements will show appellees indebted to him in a sum greatly in excess of the note sued on; and that he has repeatedly demanded of appellees such complete statements. Appellant further charged, in connection with the claim that the notes so executed by him were but a tentative settlements, pending the receipt of the expense incurred by appellees in selling said cotton, that he had been denied an opportunity of examining the books and papers showing a history of the said transactions; same being in the hands of appellees, who were notified to produce same for trial.   The pleading concluded with the prayer that appellant "go hence without day, that said note be canceled, and that he re-

cover from the plaintiff all costs * * * incurred, and for any other and further relief to which he may show himself entitled, either in law or in equity, as in duty bound he will ever pray."

Upon a call of the case for trial the appellees, in open court, requested the trial judge to enter against them a nonsuit under the statute, which was done, and the case as a whole dismissed, over objections upon the part of the appellant properly reserved.

The only question in the case is: Did the court err in dismissing the whole case over the objection of the defendant, who contends that his answer contained a plea for affirmative relief? Every plaintiff has, of course, the statutory right to dismiss his case at any time before the jury retires. Batts, Ann. Stat. art. 1301; Rev. Stat. 1911, art. 1955. In like manner, under the provisions of the statutes cited, the defendant has the right to have the case remain upon the docket for the disposition of any claim for affirmative relief which he may seek. These rights of the respective parties under the statute have been repeatedly sustained, and a citation of authorities in that behalf is useless. Hence the question is: · Did the answer of appellant present a state of facts which entitled the appellant to the affirmative relief asked in his prayer, to wit, the cancellation of the note sued upon and a judgment for costs? In strict construction the pleading may be said to be an answer; but if the facts stated as a defense are such facts as would support an independent suit for cancellation of the note we can conceive no reason why the allegations thereof in an answer, followed by appropriate prayer, would not be sufficient, under our system of pleading, to constitute a plea seeking affirmative relief. It occurs to us that it literally is a plea for affirmative relief. The relation of the facts which constitute either a defense or the ground for an independent suit would necessarily, and in the final analysis, be but a statement of the facts. It is the right of the defendant to offer the related facts as a defense or ground for initiative relief, and the manner of pleading the facts or the form the pleadings takes is immaterial. In Bradford v. Hamilton, 7 Tex. 59, 60, Mr. Justice Wheeler announced the rule to be that, "Where the answer contains matters which constitute a cause of action against the plaintiff, its effect upon his right to dismiss his suit must be the same, whether it is called a plea in reconvention or a· petition in the nature of a cross-action, or by whatever other designation." Mr. Chief Justice Brown of the Supreme Court, in Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056, cites approvingly Bradford v. Hamilton, supra, and collates many other authorities on the subject.

In the instant case the claim was, in effect, that when appellant signed the note sued upon he was induced thereto by the misrepresentations of appellees relating to the amount due, in·that the note, as signed, was $1,188.27 in excess of the true amount due appellees by appellant, followed by the further claim that appellees' books would disclose further credits due appellant and further overcharges against him, which would be sufficient in amount to entirely eliminate the note sued upon, and accompanied by notice to appellees to produce its books. Upon these facts the answer prayed a hearing and, upon proof, a cancellation of the note and a judgment for costs. As indicating the trend of opinion and the tendency of our appellate courts in disposing of similar questions of pleading, it was held in Bradford v. Hamilton, supra, where the plaintiff had sued to recover lands upon after-acquired title, that, the defendant having pleaded that plaintiff's title was fraudulently obtained, and prayed for a cancellation of plaintiff's location and survey, and that the defendant be quieted in his possession, plaintiff could not take a nonsuit, so as to prevent defendant obtaining the relief sought, if it could be established. The case of Akard v. Western Mortg. & Inv. Co., 34 S. W. 139, is in point with the instant case. In that case, in reply to a suit upon a promissory note and to foreclose a mortgage lien on real estate securing its payment, the defendants answered that the mortgaged property was their homestead, and was known to be their homestead by plaintiff when the mortgage was executed. The answer prayed that the "deed of trust be declared to be void, and that defendants have judgment canceling the same," etc. The trial court permitted the plaintiff to take a nonsuit, on the theory that the facts stated and the prayer for cancellation of the mortgage did not constitute a pleading seeking affirmative relief. The case was reversed and remanded for trial upon the relief sought by the defendant. While the answer in the instant case might have more clearly assumed the attitude of offensive pleading, at the same time it occurs to us that the plea fairly indicates the intention of the pleader to assume the offensive, and to invoke the power of the trial court to enter upon his initiative a judgment canceling a debt which he claimed he did not owe, and which, from his position, he was induced to acknowledge by the misrepresentations of the appellees. Of course, we are not to be understood as stating it to be a fact that there were misrepresentations. We speak the view only of the plea. For the reasons indicated, we are of the opinion that the judgment of ·the lower court should be reversed and remanded for another trial.

Reversed and remanded.