BILLINGS v. SOUTHERN SUPPLY CO.
(No. 5857.)

(Court of Civil Appeals of Texas. San Antonio. May 2, 1917. Rehearing Denied May 23, 1917.)

1. COURTS ⊜169(1)—COUNTY COURT—JURISDICTION.

Where, in action in county court on a note for $327.50, defendant set up in cross-action claim for $954, and in addition asked for cancellation of the note, such cross-action was in excess of the court's jurisdiction, since the amount of the note was to be counted with the other amount sought to be recovered in ascertaining the jurisdiction of the court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413, 414, 416, 421, 423, 429–436, 443, 456, 458, 465.]

2. DISMISSAL AND NONSUIT ⊜80—DISMISSAL OF CROSS-ACTION—EFFECT.

In such case, there being also in the answer a plea of failure of consideration, such plea should have been submitted to the jury, notwithstanding dismissal of the cross-action, since such defense was separable from the cross-action.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 178–181.]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by the Southern Supply Company against Mrs. L. C. Billings. From judgment for plaintiff, defendant appeals. Reversed and remanded.

J. E. Friestman, of Rock Springs, and Will A. Morriss and W. E. Engel, both of San Antonio, for appellant. L. Old and D. H. Jones, both of Uvalde, for appellee.

FLY, C. J. Appellee instituted suit against appellant on a promissory note for $327.50, bearing interest at 8 per cent. per annum from date, on which was a credit for $75. The court, after hearing all the evidence of both parties, dismissed the cross-action, because the same was founded on a sum in excess of the jurisdiction of the county court, and instructed a verdict for appellee for the sum claimed by it.

[1] Appellant set up in her cross-action a claim for $954.76, and in addition asked for a cancellation of the promissory note; in other words, she was seeking a recovery of $1,206.76, which was clearly in excess of the jurisdiction of the court, if the note be count-

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ed as a part of her suit. It has been held in similar cases that the amount of the notes sought to be canceled should be counted with the other amounts sought to be recovered in ascertaining the jurisdiction of the court. Cable Co. v. Rogers, 44 Tex. Civ. App. 620, 99 S. W. 736; Smith Sales Co. v. Connellee, 147 S. W. 1197. In the Cable Co.-Rogers Case, the suit was in the justice's court, and the plaintiff sued on three promissory notes for $25 each, with interest and attorney's fees. The defendant answered that the notes were given for a part payment on a piano, valued at $280, on which she had paid $205 in property and money, and that the consideration had failed, the piano being worthless, and she sought the cancellation of the three notes and judgment for $100 cash paid and an organ and cow valued at $95, making a demand for $195, and the cancellation of notes for $75. The court held that it was virtually a suit to cancel the trade, which involved $280. "Of this amount affirmative relief for $270 was sought, being the contract price, less $10 remitted by the defendant." The court said, "The relief sought by appellee involved an amount greater than that over which the justice court had jurisdiction." In the Smith Sales Co. v. Connellee Case, the appellee had sued in the justice's court for the cancellation of seven notes for $10 each, and for $200 damages for the wrongful levy of a writ of sequestration upon a typewriter machine. Judgment was rendered for $140, for damages and the cancellation of the notes, amounting to $70; the whole being $210. The court held that the amount in controversy was $270, and that the justice's court did not have jurisdiction. The two cases are conclusive against appellant, on the point mentioned.

[2] In the court's charge to the jury and in the judgment it is recited that the cross-action of appellant was dismissed, and not that exceptions were sustained to the whole answer of appellant. There was in the answer a plea of failure of consideration, which, if proved, formed a conclusive defense to the cause of action. That defense can easily be separated from the cross-action for damages, and after the cross-action was dismissed that defense remained. The cause should have been submitted to the jury on the plea of failure of consideration. In the case of Cable Co. v. Rogers, the court did not dismiss the cause on account of the cross-action being beyond the jurisdiction of the court, but merely reversed the judgment and remanded the cause for another trial. Had the Court of Civil Appeals been as severe in its treatment of that case as the county judge was of this case, the judgment would have been reversed and judgment rendered in favor of appellee. It was sent back to be tried on the plea of failure of consideration or any new answer that might be filed by the

appellee which did not transcend the jurisdiction of the court.

No exceptions or objections were filed or urged to the answer of appellant until all the testimony had been presented and the case was ready for the jury. No opportunity was given appellant to dismiss her cross-action or amend her pleadings, but the jury was peremptorily ordered to return a verdict for appellee regardless of the fact that the evidence tended to show that there was a failure of consideration. This is not a parallel case to one in which a plaintiff declares on a claim of which a court has no jurisdiction, for in that event the case is, from its inception, improperly in court. In this case the cause is properly brought, and the defendant will not be deprived of his defenses, because an action pleaded by him is not within the jurisdiction of the court.

The judgment is reversed, and the cause remanded.