### COMMERCIAL CREDIT CO., Inc., v. MOORE. (No. 2441.)

(Court of Civil Appeals of Texas. Amarillo. March 18, 1925.)

1. **Courts ⚖169(5)—Suit on note wherein defendant reconvened for cancellation of note, actual and exemplary damages, held to involve amount in excess of county court's jurisdiction.**

Where plaintiff suing on note for $460.20 attached automobile, and defendant by cross-action reconvened to recover damages and prayed for judgment canceling note for $555 actual damages and $400 exemplary damages, held, amount involved was in excess of jurisdiction of county court.

2. **Costs ⚖238(2)—Where fundamental error on which case is reversed was not complained of in lower court, plaintiff in error is chargeable with costs of appeal.**

Where fundamental error on which case is reversed has not been raised in trial court, costs of appeal will be charged to plaintiff in error.

Error from Hale County Court; Meade F. Griffin, Judge.

Suit by the Commercial Credit Company, Inc., against J. L. Moore. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

M. J. Baird, of Plainview, for plaintiff in error.

L. D. Griffin, of Plainview, for defendant in error.

RANDOLPH, J. This suit was filed by the plaintiff in error against defendant in error, in the county court of Hale county, Tex., upon a note executed by defendant in error for the sum of $460.20, payable in monthly installments according to a schedule appended to the note, the payment of which note was secured by a chattel mortgage executed by defendant in error upon a Ford car. In paying the June, 1923, installment, the defendant in error mailed the company his check, payment of which was refused by the bank upon which it was drawn, because of insufficient funds with which to pay it. The plaintiff in error then declared the whole of the note due, and suit was filed on the unpaid balance of the note. It is not necessary to discuss the facts in the case, as our ruling upon the question of fundamental error, raised by plaintiff in error in this case, will dispose of the case in this court.

[1] Error is assigned that defendant in error's cross-action seeks the recovery of an amount beyond the jurisdiction of the county court. This error is presented for the first time as fundamental error in this court. A writ of sequestration having been issued at the instance of plaintiff, and the Ford car taken from the possession of defendant by the sheriff under said writ, defendant by cross-action reconvened to recover damages. Defendant's cross-action was for the recovery of actual damages in the sum of $555, and for exemplary damages in the sum of $400 in addition to his actual damages, and that said mortgage and note be canceled. The value of the mortgaged property was not shown, but the face of the note, the $555.00 actual, and $400 exemplary damages, together with the note sought to be canceled, place the amount sought to be recovered in excess of the court's jurisdiction.

In the case of Knoohuizen et al. v. Nicholl, 257 S. W. 974, this court in an opinion by Chief Justice Hall passing upon the question of defendant's pleading, in his cross-action, setting up an amount in excess of the court's jurisdiction, viz., $1,487.66, in that case held that the county court had jurisdiction of the cross-action. The reason for the holding is specifically given in the opinion as follows:

"It is true that the several items pleaded as payment aggregate $1,487. The amount of the note and attorneys' fees deducted from this sum leaves a balance of approximately $600 in appellee's favor, but he did not specifically pray for judgment against appellants for that sum. He could, at his option, waive his right to a judgment for that part of his claim. Fort Worth & Rio Grande Ry. Co. v. Matthews, 108 Tex. 228, 191 S. W. 559. In so far as the record discloses, he made no effort to obtain a judgment over against appellants for the excess pleaded by way of payment of the note. As stated above, his prayer in that part of his answer and cross-action was for cancellation of the note and general relief. The rule is that after indulging all intendments in favor of the pleading unless it then plainly appears from the allegations that the court is without jurisdiction of the amount, it should retain jurisdiction and the prayer for general relief should not be given a construction which will defeat the jurisdiction. This is the rule applied by the Supreme Court and by this court in cases appealed from county courts. Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Merchants' Reciprocal

Underwriters v. First National Bank (Tex. Civ. App.) 192 S. W. 1098."

In the case at bar the items pleaded are sought to be recovered by prayer, expressly naming them as follows: For judgment canceling the notes and mortgage, for recovery of his actual damages, $555, and exemplary damages, $400. This clearly deprives the county court of jurisdiction of the amount in controversy as set out in the cross-action. Billings v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170; Tant v. Baldwin Piano Co. (Tex. Civ. App.) 217 S. W. 239; Parlin & Orendorff Imp. Co. v. Clements, 54 Tex. Civ. App. 356, 117 S. W. 495; Kiechler v. Kelm (Tex. Civ. App.) 246 S. W. 1080; Smart v. Bank of Logansport, La. (Tex. Civ. App.) 249 S. W. 521.

The plaintiff in error's proposition, that the court erred in not giving his peremptory instruction for a verdict, will not be sustained. We are not called on to search the record, but have done this so far as to disclose to our minds that plaintiff's right to recover attorney's fees is based upon a disputed condition of fact, of which the jury are the sole judges, hence, we overrule that proposition.

[2] The fundamental error here acted on and sustained, not having been raised in the trial court, the cost of appeal will be charged to plaintiff in error. Mercedes Produce Co. v. Roddy (Tex. Civ. App.) 249 S. W. 249, 251.

It is ordered, therefore, that the judgment of the trial court be reversed and remanded, and that the cost of appeal be charged to the plaintiff in error.