622.

## GOSSETT v. MANLEY.
## No. 1111.

Court of Civil Appeals of Texas. Waco.
Oct. 29, 1931.

Rehearing Denied Dec. 10, 1931.

Pat S. Russell, of Dallas, for appellant.

D. W. Bowser, of Dallas, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, J. W. Manley, against appellant, R. A. Gossett, to recover the sum of $386.98, with interest and costs of suit. Appellee alleged: That he had theretofore purchased from appellant lots 11 and 12 in block G of a certain addition to the city of Dallas; that by the terms of said purchase he agreed to pay for said lots the sum of $2,500; that $350 of such sum was to be paid in cash and the remainder in monthly installments of $30 each, with interest at eight per cent., payable monthly; that he then and there made such cash payment; that appellant agreed to prepare a written contract for the purchase of said lots, to be signed by him, embodying the terms so agreed upon; that he had immediately prior thereto inspected said lots and found them situated on a paved street, the same being the principal highway through said addition; that such fact was known to appellant; that appellant later in the day presented to him a written contract for the purchase of two lots upon the terms agreed upon, but fraudulently drew said contract for the purchase of lots 11 and 12 in block B of said addition, instead of the lots in block G thereof that he had actually agreed to purchase; that he was at the time unfamiliar with the technical description of the lots he had agreed to purchase, and signed the writing so tendered believing that it was a contract for the purchase of the lots he had actually inspected and had agreed to purchase; that the lots actually described in said contract were located on an unpaved side street, and were of much less value than the lots which he had agreed to purchase; that he did not discover that said other and different lots had been substituted in such written contract for the lots he actually purchased until after he had made the first monthly payment thereunder; that such payment consisted of $30 on the principal, and $6.98 interest thereon; that shortly thereafter he discovered such fraudulent substitution, and immediately elected to rescind and disavow said contract; that he thereupon called upon appellant and demanded the return of all the money paid by him thereunder; that appellant then informed him that the lots which he had agreed to purchase did not belong to him, but that the lots described in the contract signed by appellee were lots of equal value with those agreed upon, and insisted that appellee should retain and pay for the same upon the terms stated in such contract, and refused to return the money paid on such purchase. Appellee prayed for judgment for the money so paid in the sum of $386.98, with lawful interest thereon, for costs of suit, and general and special relief.

Appellant filed a plea in abatement, in which he assailed the jurisdiction of the county court to adjudicate the issues tendered by appellee, on the ground that such issues involved not only the recovery of the money sued for, but also, in legal effect, the rescission and cancellation of the contract to purchase said lots and pay therefor the sum of $2,500. He also demurred generally to appellee's petition, denied all the allegations therein contained, and pleaded said contract in bar of any recovery against him.

The court overruled appellant's plea in abatement and his general demurrer, and submitted the case to a jury on special issues. In response to the answers of the jury to such issues, he rendered judgment in favor of appellee for said sum of $386.98, with legal interest thereon from the date of payment until the time of trial, and for the further sum of $220 as exemplary damages. Appellant prosecutes this appeal therefrom on the transcript alone without a statement of facts.

### Opinion.

Appellant assigns as error the action of the court in overruling his plea in abatement and his general demurrer. Since the evidence submitted in support of the plea in abatement is not before us, we are limited in our consideration thereof to the allegations contained in appellee's petition. Dwyer v. Bassett, 63 Tex. 274, 276. We will, however, also consider in connection therewith appellant's as-

signment complaining of the action of the court in overruling his general demurrer.

■ The potential jurisdiction of the court over a cause of action pending therein may be challenged by a general demurrer when the petition contains sufficient allegations of fact to show affirmatively such lack of jurisdiction. The Piedmont & Arlington Life Ins. Co. v. Ray, 50 Tex. 511, 517; Spencer v. Davis (Tex. Civ. App.) 298 S. W. 443, 447, pars. 18 and 19.

■ Appellee's pleadings, as above recited, showed affirmatively that he had agreed in the contract of purchase signed by him to pay for the lots described therein the aggregate sum of $2,500; that the moneys sued for were paid by him to appellant under the provisions of such contract; that he contended that he had been induced to sign said contract and make said payments by the fraudulent representation that the lots described therein were the lots which he had agreed to purchase; that he elected to rescind and disavow said contract and recover such payments; that appellant denied his right to do so, and refused to return such payments. Appellee's right to recover the sum sued for was dependent upon an affirmative showing that he was induced to sign the contract, under the terms of which such payments were made, by fraudulent representations, and a recovery by him would necessarily involve an adjudication that such contract was voidable, that the same was avoided by his election to repudiate the same, and that he was therefore not bound thereby. The authorities distinguish between rescission and cancellation of written contracts by a suit in equity and a suit at law. This distinction is expressed by Corpus Juris, vol. 9, page 1159, as follows: "A court of equity entertains a suit for the express purpose of procuring a contract or conveyance to be cancelled, and renders a decree conferring in terms that exact relief. A court of law entertains an action for the recovery of the possession of chattels, or, under some circumstances, for the recovery of land, or for the recovery of damages, and although nothing is said concerning it either in the pleadings or in the judgment, a contract or conveyance, as the case may be, is virtually rescinded; ·the recovery is based on the fact of such rescission and could not have been granted unless the rescission had taken place. The fact that the same word, 'rescission', is used to designate both the equitable remedy of cancellation and the termination of a contract by the act of a party, has been productive of no little confusion."

Appellee's suit therefore, while in the form of an action at law to recover only the sum of $386.98, as above stated, involved and invoked an adjudication of the validity of his contract, by the terms of which he agreed to pay the aggregate sum of $2,500 for the lots described therein, of which the payments made and sought to be recovered constituted a part. His cause of action necessarily involved a rescission of such contract, and, though such relief was not specifically prayed for in his petition, he could not recover thereon without such rescission. The suit being in the county court, it was without jurisdiction to adjudicate the validity of his contract for the payment of $2,500 as the purchase price of the lots described therein. Burcum v. Gaston (Tex. Civ. App.) 196 S. W. 257, 259, par. 3; French v. McCready (Tex. Civ. App.) 57 S. W. 894, 895; Laminack v. Black (Tex. Civ. App.) 3 S.W.(2d) 824, 826, par. 7; Hagelstein v. Blaschke (Tex. Civ. App.) 149 S. W. 718, 721, pars. 3 and 4; Billings v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170, par. 1; Commercial Credit Co. v. Moore (Tex. Civ. App.) 270 S. W. 582, par. 1.

The judgment of the trial court is here reversed, and the cause dismissed.