**COMMERCIAL INV. TRUST, Inc., v. SMART et al.**

**No. 3766.**

Court of Civil Appeals of Texas. Amarillo. March 16, 1932.

Rehearing Denied April 13, 1932.

Second Motion for Rehearing Filed April 9, 1934.

Jno. A. Coffee, of Hereford, for appellant.

W. H. Russell, of Hereford, for appellees.

JACKSON, J.

This suit was instituted in the county court of Deaf Smith county, Tex., by the Commercial Investment Trust, Inc., against the defendants, W. S. Smart, and his wife, Mrs. W. S. Smart, on a note executed by them to the Panhandle Barber Supply Company, dated July 17, 1930, in the principal sum of $163, with 10 per cent. interest thereon and 15 per cent. attorneys' fees as provided therein. The plaintiff alleges that the note was payable in monthly installments of $10 each; that the defendants had paid one installment of $10, and had thereafter defaulted, and under the accelerating clause plaintiff had declared the balance of the principal, with unpaid interest, and attorneys' fees, due; that contemporaneously with the execution of the note the defendants made and delivered their chattel mortgage on certain personal property fully described in the petition, of the reasonable value of $175, to secure the payment of said note; that on July 21, 1930. the note was transferred and assigned to it by the Panhandle Barber Supply Company, and that plaintiff is now the legal owner and holder of said note. Plaintiff sought judgment for its debt and a foreclosure of its chattel mortgage lien.

The defendants answered by general demurrer, special exceptions, and, among other tnings, pleaded that they were entitled to credit for certain payments on said note which they alleged discharged and satisfied the indebtedness evidenced by the note sued on, and prayed that plaintiff recover nothing against them by reason thereof, and the mortgage lien be canceled; that they go hence without day and have all such other and further relief to which they are entitled either in law or in equity.

By way of cross-action the defendant, Mrs. W. S. Smart, joined pro forma by her husband, sought to recover from plaintiff the sum of $950 for a tort growing out of the same transaction, committed by the plaintiff and its agents on said Mrs. Smart, the alleged facts of which are set out in detail, and asked for actual damages in the sum of $750, and exemplary damages in the sum of $200.

In response to special issues submitted by the court, the jury found, in effect, that the defendants were due the plaintiff on its note a balance of $40.78;. that the defendant, Mrs. W. S. Smart, suffered actual damages by reason of the tort alleged in the sum of $400, and exemplary damages in the sum of $100.

On these findings the court rendered judgment that the plaintiff recover nothing against the defendant, Mrs. W. S. Smart; that it have judgment against W. S. Smart for $40.78, that plaintiff's note and chattel mortgage be canceled and held for naught; that the defendants have judgment against the plaintiff for the sum of $500, which amount should be credited with $40.78, leaving a net judgment in favor of the defendants for the sum of $459.22, with costs and interest, from which judgment the plaintiff prosecutes this appeal.

■ The appellant presents as error the action of the trial court in rendering judgment in favor of the defendants because the amount placed in controversy by the defendants in their cross-action exceeds the sum of $1,000, and hence the county court was without jurisdiction.

The appellant pleaded that the defendants owed it a balance of $153 principal, and 15 per cent. attorneys' fees alleged to have been stipulated for in the note.

The appellees pleaded certain payments made by them on the note, which they alleged were sufficient to discharge it, and asked that the chattel mortgage be canceled, which was equivalent to asking the court to hold that the note was null and void, because, so long as the note or any part thereof was in force and unpaid, the chattel mortgage was valid for the purpose of securing the payment of such balance.

In addition to asking the cancellation of appellant's indebtedness, the appellees sought to recover $750 actual damages and $200 exemplary damages, which, together with the amount they claimed they had paid on the note, made the amount placed in controversy by their cross-action in excess of $1,000.

There is no statement of facts in the record, but the issue submitted to the jury by the court as to the amount of the balance due appellant by the appellees on the note discloses that the amount claimed by appellant which appellees asserted had been paid was not only made an issue by the pleadings but was a controverted issue under the testimony. This is also evidenced by the judgment of the court affirmatively canceling the note and mortgage. The amount put in controversy by the appellees' cross-action being in excess of $1,000, the court was without jurisdiction to entertain such cross-action. Billings v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170; Smith Premier Sales Co. v. Connellee (Tex. Civ. App.) 147 S. W. 1197; Parlin & Orendorff Implement Co. v. Clements, 54 Tex. Civ. App. 356, 117 S. W. 495; Cable Co. v. Rogers, 44 Tex. Civ. App. 620, 99 S. W. 736.

This is the law as announced by this court in Commercial Credit Co., Inc., v. Moore, 270 S. W. 582. The record in that case discloses that the appellant had sued for an unpaid balance on an installment note secured by a chattel mortgage, and that appellee in his answer asked for the cancellation of said note and mortgage, and in his cross-action sought to recover alleged damages in the sum of $955, which, together with the balance on the note and which appellee sought to cancel, aggregated an amount in excess of the jurisdiction of the county court.

After the case was remanded the appellee Moore, by amendment, reduced the damages claimed in his cross-action to an amount which, added to the balance of the note which he sought to have canceled ($191.55), aggregated a sum less than $1,000.

On a second appeal, Commercial Credit Co. et al. v. Moore, 288 S. W. 508, this court, in a majority opinion, held that appellee had the right, when not fraudulently done, to amend, if the amount claimed in the original pleading was not a fixed sum. The record on the second appeal discloses that the balance of the debt claimed by appellant which appellee sought to cancel and the amount of damages claimed by appellee in his cross-action was less than $1,000, and therefore within the jurisdiction of the county court.

The judgment is reversed, and the cause remanded.

### On Motion for Rehearing.

The appellees insist in their motion for rehearing that this court erred in holding that

the county court was without jurisdiction of their cross-action, because they had not therein placed in controversy an amount exceeding $1,000. Their contention is that their plea alleging payment of the note sued on by appellant and asking for the cancellation of the note and mortgage is not to be considered in determining the amount involved in their cross-action.

■■ Article 2014, R. C. S., requires that payment must be specially pleaded or the proof of payment is not admissible. Payment therefore cannot be shown under an answer containing only a general denial. It will be noted that appellant sought to recover on a note for $163, with interest and attorneys' fees, and to foreclose a chattel mortgage on personal property alleged to be of the value of $175. The appellees pleaded payment and asked that this chattel mortgage lien against their property be canceled, because the note, the payment of which was secured by the chattel mortgage, had been paid. Appellant could not, under the state of this record, have taken a nonsuit of its cause of action and thereby prejudice the right of appellees to show that the debt evidenced by the note sued on by appellant had been paid and obtain a judgment canceling said note and mortgage.

■ It is settled that the defendant may set up in his answer any matters of defense which go to defeat the plaintiff's cause of action, and, if the defendant pleads a cross-complaint touching the subject-matter of the suit, he may have legal redress against the plaintiff for any relief to which he is entitled and this right to affirmative relief cannot be defeated by a voluntary nonsuit by plaintiff of his cause of action. Bradford et al. v. Hamilton, 7 Tex. 55.

■ A party owing a note secured by a lien may maintain a suit for the cancellation thereof and a release of his property from the lien. Johnson v. Lockhart et al., 20 Tex. Civ. App. 596, 50 S. W. 955.

In Jackson v. Furst, Edwards & Co. (Tex. Civ. App.) 154 S. W. 243, 244, it is said: "Did the answer of appellant present a state of facts which entitled the appellant to the affirmative relief asked in his prayer, to wit, the cancellation of the note sued upon and a judgment for costs? In strict construction the pleading may be said to be an answer; but if the facts stated as a defense are such facts as would support an independent suit for cancellation of the note we can conceive no reason why the allegations thereof in an answer, followed by appropriate prayer, would not be sufficient, under our system of pleading, to constitute a plea seeking affirmative relief."

The motion for rehearing is overruled.