## COMMERCIAL INV. TRUST, Inc., v. SMART et al.

Motion No. 11227; No. 1497—6235.

Commission of Appeals of Texas, Section B. March 21, 1934.

John A. Coffee, of Hereford, for appellant.

W. H. Russell, of Hereford, for appellees.

RYAN, Judge.

In our original opinion [67 S.W.(2d) 858], we overlooked the Act of March 20, 1911 (32d Leg. c. 93, p. 171) conferring on the county court of Deaf Smith county original concurrent jurisdiction with justices' courts of all civil matters of which by general law the latter have jurisdiction.

Section 1 of that act reads as follows: "That the county court of Deaf Smith, Parmer, Randall, Castro, and Lubbock counties and the unorganized counties of Bailey and Lamb shall have and exercise original concurrent jurisdiction with the justices courts in all civil matters which by the general laws of this State is conferred upon justices courts."

And section 4 of said act reads as follows: "This Act shall not be construed to deprive the justices court of the jurisdiction now conferred upon them by law, but only to give concurrent original jurisdiction to the said court over such matters as are specified in Section 1 of this Act, nor shall this Act be construed to deny the right of appeal from the justices courts to the said county court in any case originally brought in the justices court where the right of appeal now exists by law."

And by section 5 thereof all laws and parts of laws in conflict therewith are repealed.

■ The constitutionality of this act, in so far as the civil jurisdiction conferred by its terms upon the county court of the counties named therein, was upheld in Turnbow v. J. E. Bryant Co., 107 Tex. 563, 181 S. W. 686.

By section 22, art. 5 of the Constitution, the Legislature has power, by local or general law, to increase, diminish, or change the civil and criminal jurisdiction of county courts and conform the jurisdiction of the other courts to such change. Muench v. Oppenheimer, 86 Tex. 568, 26 S. W. 496. Under the authority of this section the Legislature had the power to increase the jurisdiction of the county court by giving to it jurisdiction over the subjects of litigation embraced in the jurisdiction of the justices' courts. Gulf, W. T. & P. R. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054.

We were in error in assuming that the county court did not have jurisdiction of the suit as originally filed by the Commercial Investment Trust, Inc., against Smart and wife, and therefore we may now answer the question as certified, from the standpoint alone of the cross-action and the contention of appellees that their plea alleging payment of the note and asking for cancellation of the chattel mortgage in question is not to be considered in determining the amount involved in their cross-action.

If appellees are correct in such contention, then the county court had jurisdiction; otherwise not.

■ We think a test, in this case, is whether appellant could have taken a nonsuit and thereby prejudiced appellees' plea of payment and prayer for cancellation of the chattel mortgage given by them.

Article 2014, Rev. St. 1925, requires that "payment" must be specially pleaded and cannot be shown under a general denial only; the burden of proving payment is on the defendant. Pierce v. Baker (Tex. Civ. App.) 238 S. W. 699; Biggs v. Doak (Tex. Civ. App.) 260 S. W. 882; Matossy v. Frosh, 9 Tex. 610; Marley v. McAnelly, 17 Tex. 658; Hander v. Baade, 16 Tex. Civ. App. 119, 40 S. W. 422; Eastham v. Patty, 29 Tex. Civ. App. 473, 69 S. W. 224.

"Payment" is therefore an affirmative defense, tendering an affirmative issue and necessitating the establishment by the defendant of the truth of the alleged payment of the debt sued on. Pierce v. Baker, supra. The amount involved therein is therefore an amount in controversy and with the prayer for cancellation of the chattel mortgage, alleged, we think, an affirmative cause of action against plaintiff, in which state of the record appellant could not have taken a nonsuit of its cause of action and thereby deny or prejudice appellees' right to show that the debt evidenced by the note had been paid and obtain a judgment cancelling said note and mortgage (article 2182, Rev. St. 1925); this relief appellees might have obtained in an independent suit for cancellation of the note and chattel mortgage.

Johnson v. Lockhart, 20 Tex. Civ. App. 596, 50 S. W. 955; Jackson v. Furst, Edwards & Co. (Tex. Civ. App.) 154 S. W. 243.

We conclude that the plea of credit for certain specified payments on the note which it is claimed discharged and satisfied that indebtedness, coupled with the plea for cancellation of the chattel mortgage, should be considered as part of the amount in controversy sought to be recovered by appellees in addition to the $950 claimed as damages. This conclusion is in accordance with the weight of authority in this state. Billings v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170; Smith Premier Sales Co. v. Connellee (Tex. Civ. App.) 147 S. W. 1197; Cable Co. v. Rogers, 44 Tex. Civ. App. 620, 99 S. W. 736.

We therefore recommend that our previous opinion be set aside and this be substituted therefor, with the recommendation that the question be answered in the affirmative.

CURETON, Chief Justice.

Original opinion withdrawn, and new opinion substituted. The last opinion of the Commission of Appeals answering the certified question is adopted and ordered certified.