## BROOK MAYS & CO. v. OSBORNE.

### No. 1470.

Court of Civil Appeals of Texas. Waco.
April 12, 1934.

Rehearing Denied May 10, 1934.

Walter R. Fly, of Dallas, and Wear & Wear, of Hillsboro, for appellant.

J. Webb Stollenwerck, of Hillsboro, for appellee.

ALEXANDER, Justice.

Brook Mays, doing business under the firm name of Brook Mays & Co., brought this suit in the county court of Hill county against J. E. Osborne to recover on a promissory note in the sum of $250 of date April 11, 1929, and to foreclose a lien on a piano of the value of $250. It was alleged that the note had been executed and delivered by J. E. Osborne and wife to the plaintiff in part payment of said piano. The defendant, in addition to denying the execution of the note and mortgage, filed a cross-action for damages, and alleged that on or about April 11, 1929, plaintiff's agent, while the defendant and his wife were away from home, went to the defendant's home and induced defendant's minor daughter to execute and deliver to him the note and mortgage in question, and wholly without the defendant's knowledge or consent took from defendant's house defendant's piano and placed therein the new piano sought to be foreclosed on in this suit. The defendant alleged that upon discovering that the plaintiff had unlawfully taken his piano, he immediately undertook to induce plaintiff to return same, but was unsuccessful. The defendant sued to recover the sum of $600, the alleged value of his piano, and the sum of $342.50 for storing the plaintiff's piano while same was in defendant's house. The defendant prayed "that said note and mortgage herein, which plaintiff is suing on, * * * both be declared null and void and of no effect and not binding on the defendant," and for judgment for

the value of his piano, for the storage on defendant's piano, and for general relief. The plaintiff filed a general demurrer and various other defenses to the defendant's cross-action. After a trial before a jury, judgment was entered denying plaintiff any recovery and in favor of the defendant on his cross-action for the sum of $245, the value of his piano, $130 for the storage of the defendant's piano, and further, that the note and chattel mortgage sued on "be declared cancelled, null and void and of no effect." The plaintiff appealed.

■ The county court, of course, is a court of limited jurisdiction and, if the amount of the defendant's cross-action exceeded $1,000, that court was without jurisdiction to try the cross-action. 11 Tex. Jur. 755; Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470.

■ The plaintiff's general demurrer to the defendant's cross-action effectively challenged the potential jurisdiction of the court to try the matters involved in the cross-action. Gossett v. Manley (Tex. Civ. App.) 43 S. W.(2d) 622, par. 1 (writ refused), and cases there cited.

■ The defendant prayed for and secured a judgment canceling both the note sued on and the chattel mortgage lien securing same. His pleadings were sufficient and would have invoked the jurisdiction of the court on this issue even though plaintiff had taken a nonsuit. Consequently the amount of the note sought to be canceled must be taken into consideration in determining the amount involved in such cross-action. Commercial Investment Trust, Inc., v. Smart (Tex. Com. App.) 67 S.W.(2d) 858, par. 4; Billings v. Southern Supply Co. (Tex. Civ. App.) 194 S. W. 1170, par. 1; Cable Co. v. Rogers, 44 Tex. Civ. App. 620, 99 S. W. 736; Smith Premier Sales Co. v. Connellee (Tex. Civ. App.) 147 S. W. 1197; French v. McCready (Tex. Civ. App.) 57 S. W. 894; Burcum v. Gaston (Tex. Civ. App.) 196 S. W. 257, par. 3; Gossett v. Manley (Tex. Civ. App.) 43 S.W.(2d) 622, par. 2, and cases there cited.

■ The value of the piano and the amount of the storage charges sued for, together with the amount of the note and lien sought to be canceled, exceeded the jurisdiction of the county court. That court therefore was without jurisdiction to try the matters involved in the cross-action.

The judgment of the trial court is reversed and the cause remanded for a new trial.