## MITCHAM v. WELLER.
### No. 2540.

Court of Civil Appeals of Texas. Eastland.
March 29, 1946.

Callaway & Callaway, of Brownwood, for appellant.

E. M. Davis, of Brownwood, for appellee.

LONG, Justice.

The parties will be referred to herein as in the trial court. Plaintiff, R. A. Weller, sued defendant Bill Mitcham, and for cause of action alleged that the plaintiff purchased a house from the defendant in the City of Brownwood, and that at the time of the purchase, said residence was equipped throughout with Venetian blinds, and that plaintiff was led to believe and did believe that such blinds were permanent fixtures and part of the realty; that the defendant entered the residence and took possession of the blinds and removed the same from the premises, whereby plaintiff was damaged in the sum of $500. He further alleged that the defendant acted maliciously and recklessly toward plaintiff in removing and appropriating the blinds, and that plaintiff was damaged in the further sum of $475 as exemplary damages. Defendant answered said petition, and upon the day of the trial plaintiff, after having obtained leave of the court, filed a trial amendment, and in addition to the damages alleged in his First Amended Original Petition, he claimed damages in the sum of $100 for the loss of the use of the house in question for a period of two months. Whereupon, a trial was had before the court without a jury and judgment was entered for the plaintiff against the defendant in the sum of $295.20 for the value of the Venetian blinds, and the further sum of $100 as the reasonable rental of the residence. From this judgment defendant duly appealed to this court.

The first point raised by defendant in his brief, to the effect that the amount sued for by plaintiff exceeded the jurisdiction of the county court, must be sustained. From an examination of the pleadings it appears that the amount sued for by the plaintiff is the sum of $1075. This is beyond the jurisdiction of the county court. Articles 1949, 1950, R.C.S.; Manly v. Citizens Nat. Bank in Abilene, Tex.Civ. App., 110 S.W.2d 993; Parlin & Orendorff Implement Co. v. Clements, 54 Tex.Civ. App. 356, 117 S.W. 495; Commercial Investment Trust, Inc. v. Smart, Tex.Civ. App., 69 S.W.2d 805.

Being of the opinion that the county court had no jurisdiction of the cause of action claimed by the plaintiff, the judgment of the trial court is reversed and the cause dismissed.