**TEJAS TOYOTA, INC., Appellant,**

v.

**Ronald L. GRIFFIN, Appellee.**

**No. 6023.**

Court of Civil Appeals of Texas, Waco.

Sept. 13, 1979.

Eugene J. Pitman, Paul J. McConnell, III, De Lange, Hudspeth, Pitman & Katz, Houston, for appellant.

L. Kirk Kridner, Michael C. Neel, Neel & Gregg, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

Appellant Toyota as plaintiff sued appellee Griffin for $250 alleged to be balance due on an automobile purchased by Griffin from Toyota.

Griffin answered by general denial and filed cross action against Toyota under the Deceptive Trade Practices-Consumer Protection Act seeking $527.50 damages for denial of use of his automobile; $2500 damages to his credit reputation; prayed that both items be trebled ($527.50 + $2500 = $3027.50 × 3 = $9082.50); plus $1500 attorneys' fees.

At the conclusion of the evidence Toyota filed motion to dismiss Griffin's cross action because it sued for an amount in excess of $5000, the jurisdiction of the County Court at Law.

The trial court permitted Griffin to file a trial amendment to his cross action (which we assume was intended to plead for amounts within the jurisdiction of the court); and overruled Toyota's motion to dismiss.

Griffin's trial amendment to his cross action reduced the amount sought for damages to his credit reputation from $2500 to $1000, and the amount sought for attorneys' fees from $1500 to $993. Thus, cross plain-

tiff Griffin still sought $527.50 + $1000 = $1527.50to be trebled equals $4582.50; plus $993 attorneys' fees which amounts to $5575.50.

The trial court submitted issues to the jury which found:

1) Griffin does not owe Toyota the $248.30 [$250.00].

2), 3) Toyota was guilty of deceptive trade practices and/or unconscionable actions.

4) Griffin was adversely affected by such deceptive trade practices and/or unconscionable actions.

5) Awarded Griffin $1950 actual damages.

6) Awarded Griffin $1188 attorneys' fees.

The trial court rendered judgment for cross plaintiff Griffin for $3000 plus $1188 attorneys' fees.

Toyota appeals contending "the [trial] court erred in overruling [its] motion to dismiss the cross action, as the amount claimed in such cross action exceeded the limits of the jurisdiction of the trial court.

The trial court was created by Article 1970–110c VATS; and Article 1970a fixed the civil jurisdiction of such court "when the matter in controversy * * * shall not exceed $5000".

■ Where the amount in controversy exceeds the trial court's maximum jurisdiction any judgment rendered is void. *Regian v. Sowell*, Tex.Civ.App. (Waco), NWH, 534 S.W.2d 175; *Williams v. Steele*, Tex. Sup., 108 S.W. 155.

And the amount in controversy is the amount of damages claimed in the pleading. *Gimbel v. Gomprecht*, 89 Tex. 497, 35 S.W. 470.

■ Cross actions are treated as separate suits and must meet the same maximum jurisdictional requirements as an original action, when brought in a court of limited jurisdiction. *Gimbel v. Gomprecht*, Tex. Sup., supra; *Commercial Inv. Trust, Inc. v. Smart*, Tex.Com.App., Opinion Adopted, 67 S.W.2d 858; *Bates v. Capps*, Tex.Civ.App. (Houston 1) NWH, 349 S.W.2d 311; *Manly v. Citizens Nat. Bank in Abilene*, Tex.Civ. App. (Eastland) NWH, 110 S.W.2d 993; *Pennant Oil & Gas Co. v. Lightfoot*, Tex. Com.App., 292 S.W. 517; *Mumme v. Spies*, Tex.Civ.App. (San Antonio) 15 S.W.2d 137; *Brook Mays & Co. v. Osborne*, Tex.Civ.App. (Waco) NWH, 70 S.W.2d 755.

■ Since Griffin's cross action as amended by the trial amendment demanded a sum in excess of the jurisdiction of the trial court, such court had no jurisdiction of such cross action.

Appellant's contention is sustained.

The judgment is reversed and judgment here rendered dismissing the cross action.

REVERSED AND RENDERED.