

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00032-CV

THUY SUNOSKY                                                            APPELLANT

V.

ALLEN A. RAD LAW FIRM                                                    APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Thuy Sunosky, pro se, appeals from the trial court's order dismissing her claims against Appellee Allen A. Rad Law Firm (Rad) for lack of jurisdiction. Because Sunosky does not challenge the only basis for the trial court's order, we affirm.

---

[1]See Tex. R. App. P. 47.4.

Sunosky, acting pro se, sued Rad in statutory county court based on Allen Rad's representation of her in a previous matter relating to a car accident. She asserted that Rad agreed to represent her in the matter but then failed to communicate with her about the status of her case and failed to file suit until after the limitation period had passed. She sought damages "aggregating $50,000 or less" excluding costs and attorney's fees. Rad filed a general denial and asserted the affirmative defense of limitation and that Rad was not an appropriate party to the lawsuit.

The case was called for trial on January 10, 2013. Sunosky appeared pro se. Rad did not appear. Sunosky testified along with two other witnesses. Sunosky testified that before the car accident giving rise to the claim for which Rad was to represent her, she had earned $2,000 a month, and in the eleven years after the accident, she could not work. At the conclusion of evidence, Sunosky asked the court to award her $314,000 in damages—her lost wages for eleven years plus interest.

The trial court informed Sunosky that it was a court of limited jurisdiction, that it could not award her more than $200,000, and that she needed to file her claim in a district court.[2] He then stated that it would "have to dismiss [her] case

---

[2]See Tex. Gov't Code Ann. § 25.0003 (West Supp. 2013) (providing that a statutory county court has jurisdiction in civil cases in which the matter in controversy exceeds $500 but does not exceed $200,000); § 25.2221(a) (West 2004) (stating that County Court at Law No. 3 of Tarrant County is a county court at law).

for want of jurisdiction, because [she] ha[s] pled for an amount that is outside the amount in controversy [for] which this court is allowed to award."  After the conclusion of the trial, the trial court signed an order of dismissal, stating that "[a]fter considering the matter, the Court finds that this matter should be dismissed for want of jurisdiction" and ordering that the case be dismissed without prejudice.  Sunosky now appeals.

In the "Issues Presented" section of her brief, Sunosky sets out fourteen numbered paragraphs that contain assertions of fact rather than legal issues. But in her summary of her argument, she makes the following statement, which we construe as her issue on appeal:  "The Rad Law Firm put their desires ahead of their client, by failing to represent her in a timely manner, and by allowing the testimony of a doctor who never met nor examined her."

In order for a trial court to decide a case, it must have the power to do so; in other words, it must have jurisdiction over the case.[3]  Not every court in Texas is authorized to try every claim.  Under Texas law, statutory county courts (also referred to as "county courts at law"), like the trial court in this case, may only hear cases in which the amount in controversy is within a specified range.[4]

---

[3]Black's Law Dictionary 927 (9th ed. 2009) (defining "jurisdiction" as "[a] court's power to decide a case or issue a decree").

[4]Tex. Gov't Code Ann. § 25.0003; *see also Tejas Toyota, Inc. v. Griffin*, 587 S.W.2d 775, 776 (Tex. Civ. App.—Waco 1979, writ ref'd n.r.e.) (stating that "the amount in controversy is the amount of damages claimed in the pleading").

3

Currently, that range is between $500 and $200,000.[5]  That is, the trial court in this case did not have the power to hear the case if the amount of damages claimed was less than $500 or if the amount of damages claimed was more than $200,000.[6]

In her petition, Sunosky stated that she was seeking to recover not more than $50,000.  The trial court had the power to hear a case involving that amount in damages.[7]  But at trial, Sunosky introduced evidence that her damages were over $200,000, and she asked the trial court to award her more than $200,000.  The trial court concluded that because Sunosky sought to recover more than $200,000, it did not have jurisdiction over her claim.

Sunosky's brief alleges that Rad failed to keep her updated on her case, failed to file her case before the limitation period had passed, and kept money that the insurance company had paid out on her claim.  Nothing in her brief, however, addresses whether the trial court had jurisdiction over her claims, which was the sole ground on which the trial court ordered the dismissal of her claims.[8]  Although we are mindful of the difficulty that pro se litigants face, we may not

---

[5]Tex. Gov't Code Ann. § 25.0003.

[6]*Id.*

[7]*See id.*

[8]*See* Tex. R. App. P. 44.1; *Britton v. Tex. Dep't of Criminal Justice*, 95 S.W.3d 676, 682 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (affirming the trial court's grant of a plea to the jurisdiction because the appellant failed to challenge on appeal all of the grounds that were included in the plea).

make Sunosky's arguments for her.[9]   Accordingly, we overrule Sunosky's sole issue on appeal.

Having overruled Sunosky's sole issue on appeal, we affirm the trial court's order of dismissal.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DELIVERED:  March 20, 2014

---

[9]*Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677–78 (Tex. App.—Dallas 2004, pet. denied), *cert. denied*, 543 U.S. 1076, 125 S. Ct. 928 (2005).